UNITED MODERNS v. LIZZIE COLLIGAN.

Decided January 2, 1904.

**1.—Benefit Insurance—Suicide—Forfeiture.**

A mutual benefit order, having an insurance feature for its members, provided among its by-laws that if a member died by self-destruction, whether sane or insane, the beneficiary certificate, entitling him to participate in the insurance fund, together with all claims by reason of membership, should be null and void. The certificate specified that the member to whom it was issued "is entitled to all the rights and benefits of membership, according to the constitution and laws of the order;" and in his application for membership the applicant agreed to be "bound by the constitution, laws, rules and regulations of the order." Held, that a member who committed suicide thereby forfeited his claim against the insurance fund.

**2.—Same—Paying at Discretion.**

A provision of the by-laws that the board of managers might, in their discretion and without prejudice, pay such sum, in case of such forfeiture, as they should deem the circumstances surrounding the death to warrant, conferred on the beneficiary named in the certificate no legal claim against the order.

Appeal from the District Court of Dallas. Tried below before Hon. Richard Morgan.

*J. J. Eckford* and *M. B. Johnson,* for appellant.

*Maurice E. Locke,* for appellee.

RAINEY, CHIEF JUSTICE.—The United Moderns, a mutual benefit society, issued to Thomas Colligan, one of its members, a benefit certificate insuring his life for $2000 in favor of his wife, Lizzie Colligan. Thomas Colligan committed suicide, and Lizzie Colligan instituted this suit to recover the insurance.

The United Moderns plead that the act of suicide nullified the policy. In response to a special issue the jury found that he did commit suicide. The plaintiff then moved the court to enter judgment in her favor, notwithstanding the verdict, upon the ground that the conditions of the contract, as shown by the undisputed evidence, were not such as to render his suicide a sufficient defense to her action. The motion was granted, and judgment entered for plaintiff. This action of the court raises the only issue presented on this appeal.

We adopt appellee's statement as our conclusions of fact, as follows: "The defendant is a mutual benefit society, incorporated under the laws of Colorado for the purpose of doing business throughout the United States and in such other countries and provinces as its board of managers may determine from time to time. The board of managers has power to adopt by-laws and to 'amend, change, repeal, re-enact or enlarge' the same.

"The contract is written, and is embraced in three instruments: the certificate of membership, executed by the defendant, and bearing an indorsed acceptance thereof signed by Thomas Colligan; the application for membership, executed by Thomas Colligan; the defendant's consti-

tution and laws, a pamphlet of 65 pages. By order of the trial court the original application for membership and constitution and laws have been sent up with the transcript. The certificate of membership and the indorsed acceptance thereof are copied in full in the statement of facts. All these papers were put in evidence by the defendant, and there is no dispute about the verity or the contents of any of them.

"The provisions of the certificate of membership pertinent to this litigation are as follows: 'The supreme lodge of United Moderns hereby certifies that Thomas Colligan of Dallas Lodge No. 112 of United Moderns, located at Dallas, Texas, is entitled to all the rights and benefits of membership according to the constitution and laws of this order, and in consideration of the statements made in the application for beneficiary certificate and in answer to questions asked in the medical blank (the truth of which said member guarantees), is entitled to participate in the beneficiary guarantee fund of the order as upon a contract of life insurance for thirty days, renewable by the member as provided by the constitution and laws of the order, to the amount of $2000, which sum, as provided in the constitution and laws of the order, shall be paid as follows: Accident benefit; old age benefit; mortuary benefit. Within ninety days after satisfactory proof of the death of said member there shall be paid to Mrs. Lizzie Colligan, wife, if living, if not, then to the legal heirs of the member aforesaid, such balance, if any, of the amount named in this certificate as may remain unpaid to the member, as follows: If not exceeding three thousand dollars, in cash. * * * This certificate is issued in consideration of the statements made by said member in the application for membership, and in answer made to questions asked in the medical blank, and in reliance thereon, and upon the express condition that the said member shall, in every particular, while a member of said order, comply with all and singular, of the constitution, laws and regulations of this order.' * * *

"Thomas Colligan's acceptance of this certificate of membership, indorsed thereon, is as follows: 'This certifies that I accept the within certificate and the benefits conferred, fully understanding and agreeing that the same is to be and remain a liability upon the order only upon condition: First, that the statements made by me in my application for membership and to the medical examiner are true; second, that I pay or cause to be paid all assessments, dues, or money payable to the order, promptly, on or before the day the same becomes delinquent; third, that I fully comply with the constitution, laws and regulations of the order. The within certificate to be and remain null and void for and during any such failure or default upon my part, as aforesaid.'

"The provisions of the application for membership pertinent to this litigation are as follows: 'I, Tom Colligan, of Dallas, street and No. 647 S. Ervay, State of Texas, hereby make application for certificate of membership and benefit, to the amount of $2000, and for that purpose make the following statements as the basis of the application: 'I, Tom Colligan, of Dallas, State of Texas, do hereby warrant that each

and all the particulars and statements contained in this application for insurance are true, complete and full; and I do hereby acknowledge, consent and agree that any untrue statement made herein, by me or on my behalf, or to any medical examiner, whether written by my own hand or not, or any concealment of facts by me or anyone else, shall forfeit and cancel all rights to any benefit under the above named application; and I hereby expressly waive any and all provisions of law now existing or that may hereafter exist, preventing any physician from disclosing any information acquired in attending me in a professional capacity or otherwise, or rendering him incompetent to testify as a witness in any way whatever. I agree to be bound by the constitution, laws, rules and regulations of the order enacted from time to time by the supreme lodge, or other duly authorized authority, and that the order shall be under no liability to me or my beneficiaries during any period of time when I shall be in default on payments due from me to the order, or otherwise not in 'good standing' with the order. I further agree that if a note has been given for any part of my fees, or for any part of the monthly payments on my beneficiary certificate, no claim can arise on the beneficiary certificate, and the same shall be held to be void, if the note is not paid when due, and while any default or overdue payment shall exist on the note; and reinstatement of the insurance can only be made within the time after said default, and in the manner and under the conditions as provided by the by-laws of the order in relation to a default or failure to make the monthly payments; and further, that in case of a claim arising before payment of the note, any balance of fees, and of monthly payments accruing up to the time of the claim, evidenced by the note and remaining unpaid, may be deducted from the claim, whether said note is due or not.'

"The provisions of the defendant's constitution and laws pertinent to this litigation are as follows: The defendant maintains two funds. One of these is called the general fund, and is used for the payment of expenses. The other is called the beneficiary guarantee fund, concerning which it is said: 'All collections, less the general fund, are placed in the beneficiary and guarantee fund, and can be disbursed only for the payment of approved death and other losses, taxes and licenses, if any, under State laws, and for costs incurred, if any, in defending against fraudulent claims.' Article 11 relates to 'Payment of Benefit,' and section 3 reads as follows: 'Upon the death of a member in good standing, the order shall, within ninety days from and after the receipt of satisfactory proofs of the same, cause to be paid from the beneficiary and guarantee fund to the beneficiary named by the member, as recorded on the books of the order, or to his or her heirs or legal representatives, as the case may be, the sum to which the beneficiary is entitled, according to the terms of the benefit certificate.' Article 21 has no caption, though several of its sections have. Section 2, which has none, reads as follows: 'If any member dies in consequence of a duel, or at the hands of justice, or by reason of the practice of any pernicious

habit that obviously tends to shorten life, or by self-destruction, whether sane or insane, or by the use of intoxicating liquors, or in consequence of the violation of any criminal law of any State, province or municipality, then in such cases the beneficiary certificate, together with all claims by reason of membership, shall be null and void, but the board of managers, in their discretion, if they consider the circumstances surrounding such death warrant it, may without prejudice pay any sum, in such case, not exceeding the full amount.' The defendant society has three classes of members,—beneficiary members, honorary members, and social members. The defendant's supreme chancellor (who signed the certificate of membership in this case) has power to grant special dispensations, and at his discretion to grant dispensations to subordinate lodges or officers 'to dispense with any law or rule of the order for any special occasion or specified period of time.' The constitution and laws of the defendant society impose numerous regulations upon the conduct of its members, and provide a machinery for trying and punishing those guilty of infractions of such regulations. Members must visit the sick, must pay dues to the local lodge, must not form pernicious habits tending to shorten life, must not offend other members, must not go into the saloon business, must not reveal lodge secrets, must not recommend unfit persons for membership, must not distribute unapproved circulars, or in any way violate the constitution, laws or ritual; and for any sins of commission or omission they may be duly tried and disciplined."

*Conclusions of Law.*—The United Moderns being a mutual benefit society, the constitution and by-laws of the order enter into and become a part of contracts made with its members, and such members are charged with notice thereof. Splawn v. Chew, 60 Texas, 535; Thomas v. Leake, 57 Texas, 472; Supreme Lodge K. of P. v. Knight, 117 Ind., 496.

The benefit certificate issued to Thomas Colligan in its terms specifies that he "is entitled to all the rights and benefits of membership, according to the constitution and laws of the order." This of itself makes the constitution and laws a part of the contract, and the other parts of the benefit certificate must be construed in the light of the laws of the order. In addition to the terms of the certificate Colligan, in his application for membership, agreed to be "bound by the constitution, laws, rules and regulations of the order," etc. In his acceptance of the certificate he agreed to "comply with the constitution, laws and regulations of the order," all of which we think clearly shows that the parties at the time of making the contract contemplated that the laws of the order formed a part of the contract of insurance.

We do not appreciate the force, if any, of appellee's contention that by the provisions of the certificate "the rights of membership are one thing, and that the right of participation in the beneficiary fund is another thing." Insurance by the order is only granted to members

thereof, and participation in the beneficiary guarantee fund of the order is one of the benefits accruing to those members who insure, and the benefit granted to Colligan is included in the clause, "is entitled to all the rights and benefits of membership according to the constitution and laws of this order," stated in the benefit certificate issued to him.

The laws of the order clearly provide that "self-destruction, whether sane or insane," will render the beneficiary certificate null and void. This became a condition of the certificate binding upon Colligan, and having breached this condition by committing suicide, the right of participation in the beneficiary guarantee fund of the order was lost. The insurance having been forfeited by the act of suicide, it was optional with the order whether or not it would pay to Lizzie Colligan anything. She has no such rights by virtue of the certificate as entitled her to invoke the power of the courts to enforce payment.

The judgment is reversed and here rendered for appellant.

*Reversed and rendered.*

Writ of error refused.