**SOUTHERN TRAVELERS' ASS'N v. BOYD.**
(No. 962–5092.)

Commission of Appeals of Texas, Section B.
Jan. 9, 1929.

George Mendell, of Austin, Works & Bassett, of Amarillo, and J. E. Gilbert, of Dallas, for plaintiff in error.

Cooper & Lumpkin, of Amarillo, for defendant in error.

LEDDY, J. We agree with the conclusion reached by the Court of Civil Appeals in this case as to defendant in error's right to recover on the policy sued on, but have reached a different conclusion from that court as to the amount she should have been permitted to recover. The certificate of insurance involved expressly provided that the articles of incorporation, the by-laws of the association, the application for membership, and the certificate should constitute the contract of insurance between the parties.

Article III, § 4, subdivision (p) of said by-laws, reads as follows:

"(p) When a member of this Association engaged temporarily or just for the moment in a business or vocation more hazardous than the one stated in his application, or as shown by the records of this Association, and an accident, as defined by the by-laws should occur, said member is not debarred as a member, nor from participating in benefits (as specified in Article II, section 6), by said member, or shall be entitled to benefit for such amount as herein named, covering classes designated by the Health and Accident Underwriters Manual for more hazardous risks in lieu of full benefits as provided in application and those by-laws. The more hazardous risks as referred to are as follows:

"Class C 'Ordinary' 75%
"Class D 'Medium' 50%
"Class E 'Special' 25%
"Any Others 'Hazardous' 10%
—of the amount provided for in this Article, Section 1, Section 2 or Section 3 for accident benefit."

The manual referred to in the by-laws, under heading "Laundry Employees," classed machine operators as "D" risk. Under the terms of the above provision of the by-laws

184

this would reduce the recovery to 50 per cent. of the face of the policy, or $750, if the assured received an injury while temporarily engaged in an occupation coming under said classification.

The undisputed evidence shows that at the time the certificate was issued, defendant in error was employed in Patton's Tailoring Establishment as a tailoress. At the time the injury was received she was operating a press for the Troy Laundry. It appears she had formerly worked for this company, and at their request, after work hours, was temporarily assisting them. She had only been working about 2½ hours when the accident occurred.

We conclude that, under the terms of the certificate of insurance and the undisputed facts, defendant in error's recovery should have been limited to $750.

The assured agreed in her application for this insurance that the laws of Texas, the application signed by her, the certificate from the association, and the association's by-laws should constitute the contract between herself and the association. Such agreement made the association's by-laws as much a part of the certificate as if they have been expressly incorporated therein.

The honorable Court of Civil Appeals concluded that the provision in the policy for a reduction in recovery, if the assured was injured while temporarily engaged in a more hazardous occupation, was not enforceable for two reasons: First, because the insurance company did not furnish a copy of the manual, referred to in the by-laws, to the assured; and, second, because the provisions of article 4797, R. S. 1925, which requires every certificate issued by the company, similar to defendant in error's, to distinctly specify the sum of money which it promises to pay upon the contingency insured against.

We do not believe that either of these reasons is sufficient to justify, the conclusion reached by the Court of Civil Appeals.

Defendant in error, having agreed that the company's by-laws should become a part of her contract of insurance, was legally chargeable with notice of the provisions thereof. United Moderns v. Colligan, 34 Tex. Civ. App. 173, 77 S. W. 1032; McWilliams v. M. W. A. (Tex. Civ. App.) 142 S. W. 641; Bennett v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 168 S. W. 1023. This being true, she was thereby put upon notice that if injured while temporarily engaged in a more hazardous occupation than that in which she was employed, her recovery would be reduced in the ratio named, under a classification made in a certain underwriters' manual. If she desired to know what the different classifications were, it was her duty to request the company to furnish such manual. The undisputed evidence shows that it was the custom for the company, when issuing a cer-

tificate, to furnish the assured a copy of the manual referred to in the by-laws, upon request, and that it would have done so in this instance had request been made therefor. If the defendant in error was willing to accept the policy with full knowledge of the provisions of same without seeking any further information in regard to the classification referred to in the by-laws, she cannot be heard to say that its provisions are not binding upon her because she did not obtain more specific information in relation thereto.

As to the second reason given by the Court of Civil Appeals, we are inclined to the view that the certificate in question was not in violation of the provisions of article 4797, R. S. If a stipulation had been written in the policy that a recovery would be reduced to one-half of the face value thereof, in the event defendant in error was injured while temporarily engaged in operating a machine in a laundry, there would be no question but that same would be sufficiently specific to, in all things, comply with the statute in question. The amount of the recovery in case of injury while temporarily engaged in a more hazardous occupation was definitely fixed by reference to the underwriters' manual. Under the contract, the provision of the manual referred to became a part of the policy, and the certificate must be considered as if the provision referred to had been expressly incorporated therein.

We therefore recommend that judgments of the trial court and the Court of Civil Appeals be so reformed as to decree recovery in favor of defendant in error for the sum of $750, with legal interest from date of injury, and, as reformed, that same be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both reformed, and, as reformed, affirmed, as recommended by the Commission of Appeals.