## Sovereign Camp, Woodmen of the World v. Willie Dees.

### Decided February 16, 1907.

**Life Insurance—Benefit Certificate—Failure to Deliver—Right to Benefit.**

An applicant for membership in a local camp of Woodmen of the World had been duly elected and initiated and had conformed to all the requirements of the Order, entitling him to a benefit certificate, but through the negligence of the Sovereign Camp the certificate, although issued, failed to be delivered to him before his death. Held, the beneficiary was entitled to the benefit, not—

withstanding a provision in the constitution of the Order that the liability of the Order should not begin until the benefit certificate was delivered to the member in person.

Appeal from the County Court of Kauffman County.  Tried below before Hon. H. N. Cosnahan.

*Gossett, Terry & Brown,* for appellant.—Parties entering into written negotiations looking to the making of a contract of life insurance, and where it is expressly provided that no liability shall be incurred until the certificate or policy is actually delivered to the insured while in good health by a particular officer or agent of the insurer, and the applicant dies before the life insurance company places such certificate in the hands of said designated officer charged with the duty of ascertaining the state of health of applicant and if good to deliver to him the certificate, then all negotiations and liabilities cease and the submission of the question of negligence in not placing such certificate in the hands of such officer in time for same to be delivered to the applicant while in good health is reversible error.   Pledger v. Woodmen O. W., 17 Texas Civ. App., 20; Sovereign Camp Woodmen of the World v. Brown, 88 S. W. Rep., 372; Aetna Life Ins. Co. v. Hocker, 89 S. W. Rep., 26; 1 Bacon, Benefit Societies and Life Insurance, sec. 2689.

*Thos. R. Bond,* for appellees.—That the defendant was liable, cited: Sovereign Camp, Woodmen of the World v. Carrington, 90 S. W. Rep., 921; Cline v. Sovereign Camp, Woodmen of the World, 86 S. W. Rep., 501; Pledger v. Sovereign Camp, Woodmen of the World, 17 Texas Civ. App., 20.

RAINEY, Chief Justice.—Appellee, the widow of Charles Dees, deceased, brought this suit to recover on a benefit certificate, alleging that Charles Dees made application on blank form provided by appellant, was elected to membership of Lawrence Camp May 2, 1903, paid all charges and dues, stood a successful medical examination and was duly obligated. That on May 15, 1903, said Sovereign Camp issued a benefit certificate entitling his beneficiary to $850 in case of his death, which certificate said Camp attempted to deliver, but through its negligence failed to do so, etc.

Said Camp plead that said certificate was never delivered, which was a prerequisite to its liability.

A trial before a jury resulted in a judgment for appellee and the Camp appeals.

The evidence shows that Charles Dees, the husband of appellee, made application to Lawrence Camp Woodmen of the World for membership, paying $5, the initiation fee, which included $1 for the issuing of a benefit certificate.  He complied with all the requirements of the order, paying all fees, standing a medical examination and was elected and duly obligated a member.  On May 15, 1903, the Sovereign Camp duly issued said certificate which was negligently forwarded to Whiterock Camp instead of Lawrence Camp.  After a reasonable time for it to have reached Lawrence Camp, Charles Dees called on Lawrence Camp for the cer-

tificate, offering to pay the $1.30 which was due on the delivery of the certificate, it being the first assessment. The certificate not having reached Lawrence Camp it was not delivered, but delivery would have been made had it not have been for the negligence of the Sovereign Camp in sending it to Whiterock Camp. On May 31, 1903, Charles Dees' team ran away with him and he was killed.

When the Whiterock Camp received the certificate it returned it to the Sovereign Camp. The Sovereign Camp then forwarded it to Lawrence Camp, and on June 7 or 8, 1903, it reached Lawrence Camp, but was not delivered.

Dees' application contained, among other things, the following: "I hereby agree and warrant that . . . or if I fail to comply with the laws, rules and usages of the order, now in force or hereafter adopted, my beneficiary certificate shall become void and all rights of any person thereunder shall be forfeited." Also, "I agree to pay all assessments and dues for which I may become liable while a member of the order, as required by its constitutions and laws, and that the liability of the Sovereign Camp for the payment of benefits shall not begin until after this application shall have been accepted by a Sovereign Physician, a beneficiary certificate issued thereon and personally delivered to me by an authorized person while I am in good health, until I shall have been obligated in due form and all the requirements of section 57 of the constitution and laws of said order have been complied with." Section 57 of the constitution of the order provides: "The liability of the Sovereign Camp for the payment of benefits on the death of a member shall not begin until after his application shall have been accepted by a Sovereign Physician, his certificate issued, and he shall have: Second, paid one advance assessment; Sixth, been obligated or introduced by a Camp or by an authorized deputy in due form. Seventh, had delivered to him in person his beneficiary certificate while in good health. The foregoing are hereby made a part of the consideration for and are conditions precedent to the liability for the payment of benefits in case of death."

It was agreed that if appellee was entitled to recover she was entitled to $850.

Under the facts we have reached the conclusion that appellee is entitled to recover. Before the death of Dees he had conformed to all the requirements of the order entitling him to a certificate. The Sovereign Camp had received his application, approved it and issued the certificate, which certificate said Camp had attempted to deliver, but through its negligence it mailed it to the wrong local camp, which prevented the certificate from reaching Lawrence Camp and delivery made before the accident that caused Dees' death. Up to the time of Dees' death he had not been guilty of any act prohibited by the constitution, bylaws or regulations of the order that would have prevented his receiving the certificate, but he was willing and ready to receive it and plenty of time elapsed from the issuance of same till his death and the same would have been delivered had not the negligence of the agents of said Sovereign Camp been the cause of nondelivery. (Pledger v. Sovereign Camp W. O. W., 17 Texas Civ. App., 20.) The judgment is affirmed.

*Affirmed.*