Lane & Nearn v. Allen Warren.

Decided January 2, 1909.

**Building Contract—Breach—Damages.**

An offer to build a house according to certain plans and specifications for a certain sum of money and the acceptance of the offer by the owner constitutes a complete contract, and any subsequent attempt by the owner to write into it a condition not embraced in the original contract, as for instance that the contractor should buy the lumber from a certain dealer, and a refusal by the owner to consummate the contract unless such a condition was incorporated, would be a breach of the contract for which the owner would be˙ liable.

Appeal from the County Court of Scurry County. Tried below before Hon. C. R. Buchanan.

*Taylor & DeBogory* and *W. W. Hamilton,* for appellants.

*Smith & Hutcheson,* for appellees.

SPEER, ASSOCIATE JUSTICE.—Appellants sued appellee in the County Court of Scurry County to recover profits of which they were deprived by the ·conduct of appellee in breaching a building contract with them. The county judge before whom the case was tried filed the following findings of fact, which are unchallenged and which we adopt, to wit:

"1st. That after previously notifying a number of carpenters and carpenter contractors that he proposed building a residence in the town of Snyder in accordance with plans and specifications in the hands of defendant, the defendant Allen Warren did, on or about the 26th day of July, 1907, open the several sealed bids that had been submitted to him on the proposition of building said residence. That an examination of said bids disclosed that the bids submitted by the plaintiffs, A. W. Lane and A. O. Nearn, was the lowest bid submitted for the construction of said house. Said bid being for the sum of $1586 for the house completed, not including foundation.

"2d. That the defendant Allen Warren soon after opening and examining said sealed bids remarked to A. W. Lane, plaintiff, 'Well, Mr. Lane, I guess it is up to you. Yours is the lowest bid.'

"3d. Plaintiff Lane and defendant Warren talked about plans concerning the building of said residence, and defendant Warren took plaintiff Lane in his buggy to the proposed site of such contemplated building, when defendant was considering with plaintiff Lane the matter of changing in some minor details the original plan of the building.

"4th. That in a few days after said bids were opened defendant Warren went where plaintiffs Lane and Nearn were doing some carpenter work and said to them that he had come to 'buy off' from them. After discussing the matter briefly defendant told plaintiffs that he did not want to have them to 'think hard' of him and had come over to see how much they would take to call the matter off.

plaintiffs told defendant it would take $100. Whereupon defendant told plaintiffs it was too high, and he would not pay any such price.

"5th. A day or two after this last conversation between defendant and plaintiffs, plaintiffs Lane and Nearn called on defendant Warren and told him they were ready to go to an attorney's office and draw up the contract for building said residence. Plaintiffs and defendant repaired to the office of attorney W. W. Hamilton and in reciting the details that should be included in said contract, it was stated by the defendant that the material for such building must be bought of the Higginbotham-Harris Lumber Company, at Snyder, at the list price for lumber and building material pasted on the wall in the office of said lumber company, for the reason that defendant had a credit of $1280 with said lumber company to be taken up in building material at the list price, and that defendant was unable to build a house unless he could use this credit with the said lumber company. Plaintiffs declined to admit such stipulation in the contract, and no contract was drawn up."

*Supplemental Findings of Fact.*—"1st. The defendant Warren refused to permit plaintiffs to erect said house, when plaintiffs declined to stipulate in the proposed written contract that the material for said house was to be purchased of the Higginbotham-Harris Lumber Company.

"2d. Plaintiff Lane had ample opportunity to have known at the time defendant Warren examined the bids that were submitted to build said proposed house that the material for said house was to be purchased of the Higginbotham-Harris Lumber Company.

"3d. The bid submitted by plaintiffs Lane and Nearn for the completion of said house was in the sum of $1586. If the plaintiffs had been permitted to erect said house and the material purchased of the R. B. Spencer Lumber Company the expense therefor would have been as follows:

"Cost of material..................................$ 945.46
Labor of two additional workmen 20 days each, at $3 per
    day .......................................... 120.00
Labor of plaintiff Lane, 30 days at $3.50 per day........ 105.00
Labor of plaintiff Nearn, 30 days at $3 per day.......... 90.00
Cost of papering and painting........................ 187.85
                                                    ─────────
Total expense of erecting said house...................$1448.31

Difference between contract price and said expenses...... 137.69"

From these findings a judgment was entered in favor of the defendant.

*Conclusions.*—The sole question presented for our determination is whether on the above findings the judgment should not have been rendered for appellants. We construe the first finding to constitute an offer upon the part of appellants to erect appellee's building and to furnish all materials therefor, not including the foundation, for the

sum of fifteen hundred and eighty-six dollars, and we construe the second finding as an acceptance on the part of appellee of such offer. Other findings are confirmatory of these conclusions, and the fact, as found in the fifth finding, that appellee subsequently attempted to write into the contract the further condition that the building materials were to be purchased from the Higginbotham-Harris Lumber Company at list prices can not in the least affect or alter the rights of appellants in the already completed contract. It therefore becomes our duty on the above findings to reverse the judgment of the County Court and to render judgment in favor of appellants for the sum of $137.69.

Reversed and rendered in favor of appellants for $137.69, but as to interveners the judgment is not disturbed.

*Reversed and rendered.*