MAGNESS et al. v. GREAT SOUTHERN LIFE INS. CO. (No. 9179.)

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 29, 1919. Rehearing Denied Jan. 31, 1920.)

1. INSURANCE ⬤�ネ665(2) — FINDING AGAINST A CONSUMMATED ORAL CONTRACT OF INSURANCE WARRANTED.

Evidence in action on alleged oral contract of life insurance *held* to warrant finding that it was understood between the parties that the making of the contract of insurance would not be consummated till the policy should be issued, and that till then the company could, as it did, refuse the application in accordance with the stipulations in the receipt given to applicant.

2. EVIDENCE ⬤⟻155(5)—PLAINTIFF INTRODUCING TESTIMONY OF PART OF LETTER MAY NOT OBJECT TO TESTIMONY OF OTHER PART AS HEARSAY.

Witness having, at plaintiff's instance, testified to part of a letter which could not be produced, could, over plaintiff's objection of hearsay, testify to other contents thereof.

Appeal from District Court, Wise County; F. O. McKinsey, Judge.

Action by Mrs. M. E. Magness and others against the Great Southern Life Insurance Company. Judgment for defendant, and plaintiffs appeal. Affirmed.

L. D. Ratliff, of Decatur, C. F. Spencer, of Wichita Falls, and W. C. Shults, of Decatur, for appellants.

McMurray & Gettys, of Decatur, and Carrigan, Britain & Morgan, of Wichita Falls, for appellee.

DUNKLIN, J. Mrs. M. E. Magness has appealed from a judgment denying her a recovery against the Great Southern Life Insurance Company upon an alleged oral contract of insurance entered into by the defendant with her son, J. A. Magness. The trial was before the court without a jury, and the following are findings of fact and conclusion of law filed by the trial judge:

#### Findings of Fact.

(1) I find that about June 7, 1917, L. C. McCrory, as agent for defendant, solicited and procured from J. A. Magness an application for a policy of insurance on the life of said J. A. Magness in the sum of $3,000.

(2) That said J. A. Magness at the time he made said application made his promissory note payable to said McCrory and one Sands, another agent for defendant, for part of the first premium, and was to pay the balance of

said first premium upon the delivery of the policy, said McCrory giving to said applicant a receipt for the note and agreeing to return same to said applicant in event the policy of insurance should not be issued.

(3) That said applicant was examined by a company physician, and said application, together with said physician's report of examination was sent to said defendant company by said McCrory, the note having been held by said Sands.

(4) Upon receipt of said application the insurance company wrote to the applicant, thanking him, and further to the effect that they were glad to recognize him as one of the large membership and that his policy would be issued immediately.

(5) I find that said application was not acted upon favorably, but was rejected by the company, and the policy of insurance was never issued thereon, and the insurance company notified said McCrory that the policy would not be issued because the applicant was within the draft age, and instructed him to so notify the applicant and return to him any settlement he had made with him for the premium, and the applicant was so informed through Sands, who at the same time told said applicant his note was in his (Sands') office and to come up some time and get it.

(6) That neither of the defendants nor either of said agents claim said note or any right or interest therein.

(7) That said J. A. Magness died on September 5, 1917.

### Conclusion of Law.

(1) I conclude that the evidence herein fails to establish any contract of insurance as alleged by plaintiffs, and they should not recover herein.

[1] Several assignments of error appearing in appellant's brief present essentially the single proposition that the court erred in refusing to render judgment in plaintiff's favor because the evidence conclusively established the contract of insurance alleged in plaintiff's petition and made the basis of her suit. The assignments are directed to the action of the court in rendering the judgment upon the evidence adduced, and do not specifically attack the findings of fact by the trial judge.

Viewing those assignments as challenging the findings of fact by the trial judge to the effect that the evidence failed to show that the defendant entered into the alleged contract of insurance, and waiving any question of their sufficiency to warrant such a consideration under rules 24 to 27, inclusive (142 S. W. xii), we think they show no merit.

Defendant's agent, L. C. McCrory, testified upon the trial and told what he said to J. A. Magness when witness secured from him the written application for the policy, and such testimony was in part as follows:

"I stated to him this—anyhow I explained the insurance policy, that as soon as he was examined and his examination approved and sent to the company, approved, and the company accepted the risk, on the issuance of the policy, that his insurance began on that date. That was my real understanding of insurance premiums. Q. (by the Court) What date do you mean? A. I mean the date of issuance of the policy, acceptance by the company; the date the policy was accepted by the company. I do not mean it related back to the application. * * * I wrote the application of J. A. Magness now shown me. * * * I issued a receipt to Mr. Magness in connection with his application. I believe it was the regular form of receipt that the company used."

The regular form of receipt used in such cases was as follows:

"Received of ———, of ———, cash (check) for ——— dollars and notes aggregating $——— due as follows: ———, with interest at six per cent. from ——— in settlement of ——— of first annual premium on a proposed policy of insurance for $——— that may be issued by Great Southern Life Insurance Company, Houston, Texas, if it elects to do so in accordance with his application thereof dated ———, 191—. Should policy not be issued in accordance with his application within thirty days after completion of medical examination by this company's regular examiner, the settlement received with said application will be returned on surrender of this receipt."

That evidence, in connection with other facts and circumstances, was sufficient to sustain the finding that plaintiff failed to establish by proof the alleged contract of insurance.

By another assignment it is insisted that the letter written to J. A. Magness by the defendant upon receipt of his application for insurance stating that defendant was "glad to recognize him as one of the large membership, and that his policy would be issued immediately," as recited in the fourth paragraph of the trial judge's findings of fact, was an unconditional acceptance of the application for insurance, and therefore of itself bound defendant to the contract alleged; in other words, the contention is that the writing of that letter was a consummation of the alleged contract, and, as matter of law, precluded any denial that it had been made. Many authorities have been cited to support that contention, some of which are the following: Carter v. Bankers' Life Ins. Co., 83 Neb. 810, 120 N. W. 455; Moulton v. Masons' Mutual Ben. Ass'n, 64 Kan. 56, 67 Pac. 533; Lane et al. v. Warren, 53 Tex. Civ. App. 122, 115 S. W. 903; Waters v. Security Life & Annuity Co., 144 N. C. 663, 57 S. E. 439, 13 L. R. A. (N. S.) 805; American Nat. Ins. Co. v. Blysard, 207 S. W. 162; Mer. & Bankers' Fire Underwriters v. Parker, 190 S. W. 525.

In practically all of those cases parol contracts for insurance were enforced. But in each case the term of the contract was fully understood, and nothing was left to be done except for the insurance company to issue

the policy. The rule in such cases was clearly stated in Merchants' & Bankers' Fire Underwriters ·v. Parker, supra, decided by this court, in the following excerpt from the opinion of Justice Buck, which is quoted in appellant's brief as especially applicable to this case:

"In the case of Preferred Acc.· Ins. Co. v. Stone, 61 Kan. 48, 58 Pac. 986, the Supreme Court of Kansas announces, we think, the true doctrine, where it, in effect, says, when a contract of insurance has been agreed upon, the execution of a policy is not essential to its taking effect, unless part of the contract be that it shall not take effect until the execution and delivery of that instrument; and, except in such cases, the insured may bring suit upon the agreement before the issuance of the policy, if a loss has occurred in the meantime, and may also join in the suit a cause of action in equity for the specific performance of the contract to issue the policy."

As shown by the evidence referred ;to above, the trial court was warranted ih finding that it was understood between the parties that the making of the contract of insurance would not be finally consummated until the policy should be issued, and that until that was done the insurance company would have the right to refuse the application for insurance in· accordance with the stipulations contained in the receipt given to the insured by McCrory at the time the application for the policy was prepared and signed in connection with what McCrory told the insured at the time his written application was taken.

[2] After witness McCrory had, at plaintiff's instance, testified to a part of the contents of a letter received by him from defendant's general office, which could not be produced in court, the court committed no error in admitting testimony of the same witness of other contents of the letter over plaintiff's objection that it was hearsay.

For the reasons indicated, all assignments are 'overruled, and the judgment is affirmed.