### SOVEREIGN CAMP, W. O. W., v. HUBBARD. (No. 6571.)*

(Court of Civil Appeals of Texas. San Antonio. May 26, 1921. Rehearing Denied June 18, 1921.)

1. **Pleading ⟨⟩403(3)—Plaintiff's pleadings as aided by defendant's answer held good on general demurrer.**

In a suit on a fraternal benefit certificate, plaintiff's pleadings, as aided by defendant's answer attacking the certificate on the ground alone that it was not delivered to deceased while she was in good health, but not denying that all other conditions were complied with, *held* good on general demurrer; every intendment of the pleader being read into the petition.

2. **Insurance ⟨⟩724(1)—Benefit society held estopped to assert nondelivery of policy to assured.**

Where under the terms of the constitution and laws of a fraternal benefit society a life insurance certificate issued by it was not valid unless delivered to the assured, the society was estopped to set up nondelivery as a defense where it delivered the certificate without protest or notice to the beneficiary, accepted payment of dues from him, and did not call his attention to the requirement.

3. **Insurance ⟨⟩724(1) — Parol waiver of condition good though required, to be in writing where no evidence showing no written waiver.**

In a suit on a life insurance certificate issued by a fraternal benefit society, where plaintiff proved a parol waiver of a condition requiring delivery of the policy to the assured, and there was no allegation or testimony that a waiver in writing, signed by the commander or clerk, was not made, plaintiff could recover; a parol waiver being good, though required to be in writing.

4. **Insurance ⟨⟩723(7)—Incorrect history of applicant's family does not vitiate life policy where no falsity or intent to deceive.**

Where there was no evidence of any falsity or intent to deceive in the assured's representations in her application for a life insurance policy as to her family history, an incorrect history did not vitiate the policy.

5. **Insurance ⟨⟩723(7)—Misrepresentation or mistake as to family history does not vitiate life policy not conditioned to be void on such ground.**

A misrepresentation or mistake as to family history will not vitiate a life insurance policy conditioned to be void on certain grounds, of which incorrectness of family history is not one.

6. **Insurance ⟨⟩819(2)—Hearsay testimony as to death of assured's brother held too uncertain to justify forfeiture of policy.**

In a suit on a life insurance policy, hearsay testimony of plaintiff as to a brother of the assured having died was too uncertain to justify forfeiture of the policy on the ground of misrepresentations as to family history.

7. **Insurance ⟨⟩815(4)—Forfeiture not permitted where no allegation of misrepresentations in application.**

Where it is not alleged that representations made in the application for a life insurance policy were false, the policy will not be forfeited on such ground, as forfeitures are not favored and should never be permitted except under full allegation and proof.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Action by Amadeo S. Hubbard against the Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant brings error. Affirmed.

E. D. Henry, John H. Bickett, Jr., and L. M. Bickett, all of San Antonio, for plaintiff in error.

Wm. H. Russell, of San Antonio, for defendant in error.

FLY, C. J. This is a suit by defendant in error, Hubbard, to recover on a policy for $500 on the life of his deceased wife, Maria P. Alba de Hubbard, which policy was issued by plaintiff in error, a fraternal beneficiary society or association. The society filed a general demurrer, and four special exceptions, and answered that on April 1, 1919, it issued the certificate sued on to Maria Patracinio Alba de Hubbard that it was granted on condition of the payment of the stated monthly premium named in the policy and further consideration of the delivery of the certificate during the lifetime and good health of the member; that the certificate, the articles of incorporation, and the constitution and laws of the Sovereign Camp of the society and all amendments which might thereafter be made contained the entire contract between the parties. It was further alleged that the certificate provided that it should be delivered to the member in person while in good health. It was alleged that the certificate was never delivered to Mrs. Hubbard in person, and that about April 20, some three weeks after the certificate was issued, Mrs Hubbard became sick and remained in

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction January 13, 1923.

such condition until she died on May 21, 1919. A jury was waived, and the court rendered a judgment in favor of Hubbard for $500.

[1] We do not think the pleadings of defendant in error, as aided by the answers, were open to attack through a general demurrer. Every intendment of the pleader must be read into the petition, and under that rule the petition, as aided by answer, is good against general demurrer. There was an allegation that a certain policy of insurance was delivered by plaintiff in error to Mrs. Hubbard, whereby, for the considerations therein named, the life of assured was insured for $500 with defendant in error as the beneficiary; that the assured had died, and the amount of the policy was due and unpaid, and any matters lacking in the petition are supplied by the answer, in which the policy is attacked upon the ground alone that the certificate was not delivered to deceased while she was in good health. There is no claim that all other conditions were not complied with. In the supplemental petition, which was in effect an amendment, full allegations were made as to conditions in the certificate and the allegations in the answer fully met. The allegations in the supplemental petition also meet all of the special exceptions, and the first, second, third, fourth, and fifth assignments of error are overruled.

[2] The sixth assignment is a combination of seven assignments, which, according to plaintiff in error, "are all there grouped together and submitted as one assignment of error." Probably, as stated by plaintiff in error, all of them either directly or indirectly assail the defense of estoppel interposed by defendant in error, as to the delivery of the certificate. It is contended by plaintiff in error that, under the terms of the constitution and laws of the society, the certificate was not valid and binding unless delivered by the society to Mrs. Hubbard, while defendant in error contends that the society knew when application was made for the policy that Mrs. Hubbard intended to visit Mexico, that it delivered the certificate without protest or notice to defendant in error, accepted payment of dues from him, and made no objection on the ground of the absence of the wife nor called his attention to any requirement that the certificate could be delivered only to her, and that the society is therefore estopped to deny its liability because of failure to deliver the certificate to the assured. Setting aside all claims that neither defendant in error nor his wife knew of the provision as to delivery of the certificate, the sole question to be considered is: Did the society estop itself by its conduct from presenting the defense of nondelivery to the assured?

It is argued by plaintiff in error that, as every policy holder is charged with knowledge of the contents of the contract and the constitution and laws of the society, which are a part of it, the assured knew that the certificate should be delivered to her in person, and was not misled by the conduct of plaintiff in error. It is insisted that "without ignorance there could be no misleading of the party, for, if he knew the facts, he could not be misled or deceived by another." The law as to estoppel by waiver is ignored, in which case no representation is necessary, but the estoppel is complete when by the course of conduct of one party to a contract entitled to the performance of certain terms or conditions thereof the other party has been led to believe that a performance will not be required until it is too late to perform, and to insist on performance would result in injustice. This kind of estoppel, unlike that by misrepresentation, does not rest upon ignorance of the facts by the party entitled to the benefit of it. As said by the Supreme Court of the United States in N. Y. Ins. Co. v. Eggleston, 96 U. S. 572, 24 L. Ed. 841:

"Any agreement, declaration, or course of action, on the part of an insurance company, which leads a party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon a forfeiture, though it might be claimed under the express letter of the contract."

In this case the facts show that the certificate was delivered by plaintiff in error in the absence of his wife in Mexico, and, acting for his wife, defendant in error paid the deputy or agent of plaintiff in error all dues demanded. No objection was made to making the delivery of the certificate to defendant in error, nor any inquiries made about Mrs. Hubbard. The constitution and by-laws were never delivered. There is no evidence tending to show any tubercular affection of Mrs. Hubbard when the application for insurance was made, nor even when she died is it satisfactorily shown that she had tuberculosis. There was nothing in the certificate to indicate that the certificate should be delivered to the insured in person, and, while it is indicated therein that the constitution and by-laws were a part thereof, no copies of such constitution and by-laws were furnished the assured or beneficiary. The evidence supports an estoppel against plaintiff in error.

[3] It is the contention, however, of plaintiff in error, that, as it was not shown that the Sovereign Commander or Sovereign Clerk had waived delivery of the certificate to the assured, the waiver was not effective. It was not pleaded that the commander or clerk did not sign a waiver, and there was no plea upon which to base testimony that they did not make such waiver. Defendant pleaded that there was a waiver and proved it, and there was no testimony tending to show that a waiver under the strict terms of the certificate was not made. Although required to be in writing, a parol waiver of a condition in a policy is good. Bacon, Ben. Soc. & Life Ins.

§§ 272 and 422, and authorities cited; Joyce, Law of Ins. § 97b; Mut. Reserve Fund v. Farmer, 65 Ark. 581, 47 S. W. 850; N. Y. Life Ins. Co. v. Babcock, 104 Ga. 67, 30 S. E. 273, 42 L. R. A. 88, 69 Am. St. Rep. 134; N. Y. Life Ins. Co. v. Pike, 51 Colo. 238, 117 Pac. 899.

At the time that the certificate was delivered to defendant in error, as the agent of his wife, she was in good health, and the policy could have been delivered to her in person if it had been required. The agent was satisfied to deliver the policy to the husband and to receive the premiums from him, and the society cannot be permitted to evade responsibility to the beneficiary on a mere technicality which it had waived.

[4-6] The evidence fails to show any falsity or intent to deceive upon the part of assured in her representations as to the history of her family. We have seen no case in which it has been held that an incorrect history of the applicant's family would vitiate a life policy except as herein indicated. It is certain that none of the cases cited by plaintiff in error hold that misrepresentations or mistakes as to family history would vitiate a policy. They are all cases in which misrepresentations were made as to his personal history by the applicant, except the case of Ins. Co. v. Pinson, 94 Tex. 553, 63 S. W. 531, in which it was held that the ages of sisters stated in the application were warranties because made so by the policy. No such provision is made in this policy, but the idea of such being the intention of the parties is excluded by the fact that it is specially stated that the certificate shall be void on certain grounds, and incorrectness of family history is not one of them. The only evidence as to more than one brother of assured having died was that of defendant in error, and he spoke only from hearsay. He had never seen the brothers or sisters and knew nothing but what he had possibly heard. It was too uncertain testimony to form the basis for the forfeiture of a policy.

[7] Plaintiff in error did not allege in its answer that the representations made in the application as to the family history were false nor that any representations made therein were false, and there is nothing in the pleading, if there had been in the evidence to form any basis for forfeiture on the ground of misrepresentations in the application. We do not suppose that the ordinary rules of pleading have been abolished as to faternal benefit societies, however great favorites they may be under the law of 1913 exempting them from burdens borne by the ordinary insurance company. They should be held to the strictest allegation and proof before they are permitted to avoid payment of their debts upon the sheerest technicalities. Forfeitures are not and should not be favored by the law, and should never be permitted except under full allegation and proof. Sov. Camp, W. O. W., v. Dees, 45 Tex. Civ. App. 318, 100 S. W. 366.

The judgment is affirmed.

SMITH, J., entered his disqualification and did not sit in this case.

