REED BROS. *v.* BLUFF CITY MOTOR CO.*

(Division B.  May 25, 1925.)

[104 So. 161.  No. 24982.]

1. APPEAL AND ERROR. *On review of directed verdict every fact considered proved which evidence tends to establish.*

   In determining whether trial court erred in directing verdict for defendant, every material fact which the evidence tended to establish, either directly or by reasonable inference, must be treated as established.

2. CONTRACTS. *Owners who accepted bid conditionally could not, after condition had been met, award contract to other contractors.*

   Owners, who had right under contract to reject any and all bids, and who accepted bid subject to the condition that the building would not be constructed if owners were not given agency for certain automobile, and who thereafter awarded contract to other contractors, could not defend action for breach of contract by contractor, whose bids were conditionally accepted on the ground that there was no acceptance of such bid; the condition to such acceptance having been met.

3. CONTRACTS. *Contractors not required to tender bond in order to recover for breach of contract after award of contract to others.*

   Where defendants, after acceptance of plaintiffs' bid, awarded contract to other contractors, and informed plaintiffs that they would not contract with them, plaintiffs were not required to tender bond pursuant to plans and specifications in order to recover for breach of contract.

---

*Headnotes 1. Appeal and Error, 4 C. J., section 2709; 2. Contracts, 13 C. J., section 86 (1926 Anno.); 3. Contracts, 13 C. J., section 746 (1926 Anno).

APPEAL from circuit court of Adams county.
HON. R. L. CORBAN, Judge.

*Ratcliff & Kennedy,* for appellants.

The plaintiff's evidence shows that the defendant company prepared plans and specifications and invited bids to do the work, reserving, however, the right to reject all bids. The bidders were required to put up a certified check to guarantee performance, and their bids sealed and delivered to the motor company 'on or before a particular date. This was an invitation or an offer on the part of the motor company. In response, the plaintiff made a bid to do the work upon the particular plans and specifications, accompanying it with a certified check. The bids were opened and though the defendant had the right to reject the bids, it did not reject the bid of this plaintiff but on the contrary, accepted the bid of plaintiff and rejected all other bids and returned to the bidders their certified checks. After the acceptance of plaintiff's bid and the retention of his guaranty in the sum of five hundred dollars, it did not have the right thereafter to reject his bid.

It is true that the defendant motor company explained at the time it was opening the bids that it might be forced to give up the Ford Agency and therefore, not construct the building, in which event it asked permission of all the bidders to let their bids be opened upon that condition, which was agreable. However, that condition is immaterial for the reason that the company did erect the building.

The simple question in this case is, whether or not the evidence shows that the defendant company accepted or rejected the bid of Reed Brothers, or whether it accepted it conditionally. Appellant's contention is that it accepted it on condition that the building be erected; the appellee's contention is that they rejected the bid. See 1 Elliott on Contracts, sec. 60; *Lane* v. *Warren,* 153 Tex. 122, 115 S. W. 903.

The case at bar is much stronger because the witnesses for plaintiff testified that the defendant company stated

before opening the bids that it would keep or accept the lowest bid. In addition to that, it is undisputed that the defendant company did keep the complainant's bid and certified check. We submit that their action in the premises, without having said anything, was an acceptance thereof. While it is true they had a right to reject bids, yet they did reject and return all bids save one. It is contended by appellee that it was necessary for a contract to have been entered into and signed but the contract could only have been a mere formal one containing a promise upon the part of Reed Brothers to do the work according to plans and specifications, for which Reed Brothers had already put up their guaranty in the sum of five hundred dollars. A contract is an offer upon the part of one person to do a certain thing after the acceptance by the other and the evidence in this case shows a completion thereof.

We submit to the court that the acceptance and retention of appellant's bid and certified check was the acceptance of his offer to do the required work and that the motor company could not thereafter breach the contract, refuse plaintiff the right to do the work upon his announced right to reject any and all bids.

*L. A. Whittington,* for appellees.

The position of appellant in this case is that since the appellee opened the bids, after making the statement with reference to same, that he would retain the lowest bid until he could decide what he was going to do, such retention by the appellee constituted an awarding of the contract to appellant.

We submit to the court that the evidence does not show the awarding of the contract, or any intention to award the contract to the lowest bidder, for all parties understood that the appellee had the right upon the consideration of even the lowest bid, to reject the same. The telegram arriving with reference to the handling of Lincoln cars just before the opening of the bids, ap-

pellee announced to the bidders that unless he could make satisfactory arrangements with reference to the matter contained in said telegram, that they probably would not construct the building at all; that was nothing but fair to the bidders, but there was nothing in such statement to warrant the assumption that appellee, if they went ahead and built the building, would not reserve and exercise its right to reject even the lowest bid. The day having been fixed to open the bids, and all bidders being present, and this contingency arising, appellee, as a matter of convenience for all concerned, suggested that all bids might be opened and he would retain the lowest bid or the successful bid, if you want to term it that way; that he would not pass upon these bids because he did not know whether he was going to build at all or not.

We submit to the court that there was nothing in such statement to justify the assumption that he would award the contract to the lowest bidder, without exercising the right to reject any and all bids. The court will keep in mind that everything that was claimed to have been said by the appellee was said before the bids were opened. There was no agreement with any one individual bidder or with the lowest bidder. There was no controversy as to the right to reject any and all bids, and the appellant says himself that he was never awarded the contract. We submit to the court that this whole record shows that appellant is urging the conclusion of himself as a contract between himself and another party.

It was further proved that the appellant did not enter into bond, nor did they tender bond to the defendant for the performance of the work, notwithstanding the specifications provided that before entering upon and into any contract, an acceptable bond in one-half the contract price should be entered into, and for the failure to execute and tender such bond, it was contended by the defendant that even though an award of contract might have been made, he could not recover until he himself had performed his part of the contract and was a condition precedent to the existence of a contract.

We submit to the court that the evidence established affirmatively that the bid of plaintiff was rejected by the defendant and was never accepted by the defendant and that no award of contract had ever been made by the defendant to the plaintiff.

We submit, therefore, to the court that upon all of plaintiff's evidence and by plaintiff's evidence, no contractual relationship whatever was established between the defendant and plaintiff and no awarding of the contract by the defendant is shown to have been made to the plaintiff.

The lower court did not err in directing a verdict for the defendant in this case, for to hold to the contrary, would establish the principle that if a prospective builder advertises for bids and reserves the right to reject any and all bids, but after opening the bids, if he retains the lowest bid for consideration of same, he would be bound to award the contract to such lowest bidder.

Argued orally by *W. L. Trenholm,* for appellant.

ANDERSON, J., delivered the opinion of the court.

Appellants, Reed Bros. brought this action in the circuit court of Adams county against appellees, Bluff City Motor Company, both being partnerships, to recover the sum of three thousand dollar damages alleged to have been suffered by appellants who were building contractors for an alleged breach of contract between them, by the appellees for the construction of a brick building in the city of Natchez for the handling of automobiles. At the conclusion of appellants' evidence on motion of appellees, appellants' evidence was excluded and the jury directed to return a verdict for appellees, which was accordingly done and judgment entered thereon, from which judgment appellants prosecute this appeal.

The only question therefore in the case is whether or not the trial court erred in directing a verdict for appellees. In determining that question every material

fact which the evidence tended to establish either directly or by reasonable inference must be treated as established. So viewing the evidence appellants made the following case: They were building contractors in Natchez. Appellees desired to construct a brick building in Natchez for the purpose of handling and selling automobiles. To that end appellees had plans and specifications prepared therefor and advertised for sealed bids for the construction of the building. All persons desiring to bid, including appellants, were furnished copies of the plans and specifications. Under the terms of the proposal by appellees, all bidders were required to accompany their sealed bids with a certified check in the sum of five hundred dollars to insure good faith in bidding. On the day appointed by appellees for the opening of the sealed bids it was found that appellants were the lowest bidders at seventeen thousand and nine hundred dollars. Their bid and certified check for five hundred dollars were retained by appellees, while the certified checks of all the other bidders were returned to them. One of the other bidders was R. E. Bost.

Appellees were the agents at Natchez for the handling of Ford cars. The building was to be constructed for that purpose. When appellees retained appellants' certified check for five hundred dollars and announced that they were the lowest bidders and returned the certified checks of all the other bidders, they stated in substance that appellants were to have the contract provided the building was constructed; that the Ford Agency at New Orleans, which was the appellees' principal, was insisting that appellees carry with their Ford cars the Lincoln car; that if appellees were required to do this it would necessitate such a financial outlay that they might not construct a new building; that they would know in a day or two whether the building would be constructed or not. Two or three days after the opening of the sealed bids and the making of that statement by them, one of appellees' firm handed to the little son of one of appellants' firm out on the street appellants' bid and certified check.

Thereupon one of appellants' firm approached appellees to know what they meant. Appellees informed him that Mr. Bost, who had been one of the unsuccessful bidders at the general bidding, had advised them that he could save them money and that they had let the contract to him. Appellees kept the Ford Agency and Mr. Bost erected the building.

As we view the evidence it tended to show that appellees accepted appellants' bid upon a condition that was afterwards met. In other words, when the sealed bids were opened appellees simply said to appellants that the contract was theirs provided the building was constructed. The contract provided that appellees should have the right to reject any and all bids, and appellees rest their defense upon that provision in the contract. But that does not mean that appellees had the right to accept appellants' bid and then afterwards reject it. In other words, the right to reject any and all bids could not be exercised after one of the bids had been accepted. Appellants' bid was accepted provided appellees did not decide to abandon the plan to construct the building. The building was constructed as stated. We are of opinion that this evidence was sufficient to go to the jury on the proposition that appellants' bid was accepted. 1 Elliott on Contracts, section 60; *Lane v. Warren*, 53 Tex. Civ. App. 122, 115 S. W. 903.

Appellees argue however that appellants are not in a position to sue for the alleged breach of the contract, because appellants failed to tender the contractor's bond required by the plans and specifications put into the hands of bidders by the appellees. It is true that appellants did not tender the required bond, but under the law they were excused from so doing. They were not required to do a vain thing. Appellees informed appellants that they had let the contract to another and that they would not contract with them. It would have been utterly useless therefore for appellants to tender the bond and propose to enter into the formal contract provided by the plans and specifications. Appellants

'were not required to put appellees in default. Appellees had already put themselves in default in awarding the contract to another.

*Reversed and remanded.*