**FRANKLIN LIFE INS. CO. OF SPRING-FIELD, ILL., v. STAATS.**

No. 8425.

Circuit Court of Appeals, Fifth Circuit.

Feb. 4, 1938.

Rehearing Denied Feb. 25, 1938.

E. Richard Criss and Paul H. Brown, both of Harlingen, Tex., for appellant.

Osce Fristoe, of Harlingen, Tex., and V. W. Taylor, of Brownsville, Tex., for appellee.

Before FOSTER, and SIBLEY, Circuit Judges, and STRUM, District Judge.

FOSTER, Circuit Judge.

Appellee brought this suit as beneficiary to recover on a policy of life insurance in the sum of $10,000, issued to her husband, Boise Patrick Staats, by appellant; to recover a statutory penalty of 12 per cent. for delay in payment and reasonable attorney's fees. A motion to direct a verdict for defendant was overruled, the case was submitted to the jury, and a verdict was rendered as prayed for. The appeal is from the judgment entered on the verdict.

There are seventeen assignments of error, eight of which run to the overruling of the motion for a directed verdict.

Undisputed facts, appearing from the record, are these: The policy was issued by appellant April 25, 1935, and was sent to H. Donald Walley, appellant's agent at Harlingen, Texas, who had authority to solicit insurance and collect premiums. The premium for one year, payable in quarterly installments, was $307.20. Walley and the insured were close friends, and before the policy was issued they entered into an agreement whereby the insured was to pay one half of each quarterly premium in cash and build a garage for Walley for the other half of the first year's premium, amounting to $153.60. The actual cost to the insured for building the garage would exceed this amount. As agent for appellant, Walley was entitled to 70 per cent. of the first year's premium. Walley had a drawing account and periodically remitted the company's part of all premiums collected. The amounts received were credited to Walley but the full premium was credited to the insured. The policy in suit was sent to Walley and he remitted, in the course of his accounting, to the company for its share of the first quarter's premium. The full quarterly premium was credited to Staats. Walley did not remit any further premiums on the policy to the insurance company. The insured died on February 17, 1936, within the first year. The policy was in the custody of Walley when the insured died, and he returned it to appellant with a letter stating no premium had in fact been paid on it. The insured did not build the garage for Walley, but there was evidence tending to show that the understanding between the parties was that Staats would build the garage as soon as he had finished other work upon which he was then engaged. Request was made for the necessary blanks to furnish proofs of death by the beneficiary, through an attorney, and he was advised that the company declined to furnish the blanks and denied liability on the policy. The insurance contract contained the usual clauses limiting the authority of the soliciting agent, but these are immaterial.

The theory of the defense was that the policy had not been delivered and had lapsed for nonpayment of the quarterly premium due July 25, 1935. The case was submitted to the jury on conflicting evidence as to these defenses. Walley testified that he had held the policy as security for his advances and had never delivered it to the insured; that the insured had never paid him any money on account of the premiums and had not complied with his agreement to build the garage. On the other hand, in addition to the facts above stated showing constructive delivery, there was testimony tending to show that the policy had actually been delivered to the insured and he had returned it to Walley for the purpose of having certain indorsements made upon it. There was also evidence tending to show that the insured had actually paid a sum of money to Walley and received a receipt for it; that at this time he stated to Walley this finished his cash payments, which Walley did not deny; and that Walley had made statements that he had received all the cash that the insured had agreed to pay.

Conceding that Walley was not authorized to change the condition of the policy regarding the payment of premiums and the company could not be bound by his action in accepting anything other than money for the entire premium, the situation here presented is different. The insured agreed to pay one-half of the premium in cash. Appellant was entitled to only 30 per cent. of the first year's premium. If Walley collected one-half of the premium in cash the insurance company would be bound, as it was without interest as to the proportion to which Walley was entitled. American Nat. Ins. Co. v. Blysard, Tex.Civ.App., 207 S.W. 162; New York Life Ins. Co. v. Ollich, 6 Cir., 42 F.2d 399.

Appellant assigns error to the allowance of the penalty of 12 per cent. and attorney's fees. Under the law of Texas, Rev.Stat.1925, art. 4736, as amended by acts 1931, c. 91, § 1, Vernon's Ann.Civ.St. Tex. art. 4736, appellee was entitled to recover a penalty of 12 per cent. and reasonable attorney's fees in the event the insurer did not pay within thirty days after demand. Since the insurance company declined to accept proof of death and denied liability on the policy, further demand for payment was unnecessary. Penn Mutual Life Ins. Co. v. Maner, 101 Tex. 553, 109 S.W. 1084; Standard Acc. Ins. Co. v. Bittle, 5 Cir., 36 F.2d 152. It is not contended that the attorney's fee allowed was excessive nor could it be, considering the extensive litigation necessary to collect on the policy.

It was not error to deny a directed verdict. The allowance of penalties and attorney's fees was proper. Other assignments of error are entirely without merit and require no discussion.

The record presents no reversible error.

The judgment appealed from is affirmed.