PLEDGER v. BUSINESS MEN'S ACC.
ASS'N OF TEXAS. (No. 5775.)

(Court of Civil Appeals of Texas. Austin.
Oct. 17, 1917. Appellant's Motion for Re-
hearing Denied Oct. 17, 1917. Denied Final-
ly Nov. 28, 1917.)

1. INSURANCE ⬚152(1)—CONTRACTS—DIFFER-
ENT INSTRUMENTS—CONSTRUCTION.

The application, certificate, and by-laws of
a mutual association, where they constitute the
contract of insurance, should, if possible, be so
construed as to harmonize with each other.

2. INSURANCE ⬚152(1)—MUTUAL ASSOCIA-
TIONS—POLICY—CONSTRUCTION—"ACCIDENT-
AL DEATH" — "DEATH BY ACCIDENTAL
MEANS."

Where a mutual insurance certificate pro-
vided that amount of the certificate should be
payable "in case of accidental death," a provi-
sion in the by-laws that a beneficiary shall be
entitled to benefits for death of member "solely
and exclusively by external, violent, and acci-
dental means," is not ambiguous, and should
control the policy, a death produced by acci-

dental means being an "accidental death," although an accidental death may or may not be produced by accidental means.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accident; Accidental Means.]

3. INSURANCE ⊂⇒152(1)—MUTUAL ASSOCIATIONS—BY-LAWS—PRESUMPTIONS.

Where a certificate of a mutual association refers to the by-laws as part of the contract of insurance and a copy of the by-laws is furnished, the member is presumed to have read the same.

Appeal from District Court, Travis County; Chas. A. Wilcox, Judge.

On rehearing. Former opinion reversed, and judgment of the trial court affirmed.

For former opinion, see 197 S. W. 889.

E. R. Pedigo and Lyndsay D. Hawkins, both of Austin, for appellant. White, Cartledge & Graves, of Austin, for appellee.

On Motion for Rehearing.

JENKINS, J. We adhere to the views expressed in our original opinion herein as to the distinction between accidental death and death by accidental means; also that, where there is a conflict between the plain and unambiguous terms of the policy and the by-laws, the policy will govern. But a more careful examination of the policy and the by-laws of appellee, aided by the able argument of appellee accompanying its motion for a rehearing, has convinced us that we were in error in holding that there is such conflict in the instant case.

[1] There can be no question but that the charter of the association, the application for membership, the by-laws, and the policy together constitute the contract of insurance. In the instant case section 5, art. 1, so declares. It is elementary that where the contract is evidenced by different instruments, they should, if possible, be so construed as to make each harmonize with the others. We think this can be done in the instant case.

[2] The certificate insured the deceased against "accidental death." He died an accidental death. But when the certificate is read in connection with the by-laws, it is evident that it did not insure the deceased against every character of accidental death. Several exceptions are plainly enumerated in the by-laws, such as the death must not have occurred beyond the United States, or in violation of law, etc. The policy declares that "liability" to pay in any case shall be subject to "all of the limitations * * * of the by-laws." One of these limitations is that the death must have been produced by accidental means. This limitation does not contradict the agreement contained in the policy to pay in the event of accidental death, but limits the same to a certain character of accidental death, viz. that produced by accidental means. A death produced by accidental means is an accidental death. An accidental death may or may not be produced by accidental means.

[3] We have also reached the conclusion that the limitation of liability in the by-laws to death by accidental means is not a "lurking clause." Both the application made by the deceased and the policy issued to him called his attention to the by-laws as a part of the contract. He was furnished with a copy, and is presumed to have read the same, and to be bound thereby. Bacon on Life and Accidental Ins., vol. 1, p. 171; 14 R. C. L. 484; 1 Cooley's Ins. Brief, 692; 7 C. J. 1078. It is true that the by-laws of appellee are lengthy, but they are subdivided into articles with appropriate subheads in plain capital letters. Had the deceased casually glanced through them he would have seen "ARTICLE V. POLICIES." This is the part of the by-laws in which naturally he would have been interested. Had he read the first section under this subhead, which is section No. 27 of the by-laws, he would have seen that the liability of the association was limited to deaths and to injuries caused "solely and exclusively by external, violent and accidental means." In view of this language, and the further limitations contained in sections 28 and 29 under said subhead, we think that it must be held that the deceased was not misled as to the character of his policy.

For the reasons stated, appellee's motion for a rehearing is granted, the judgment of reversal heretofore rendered by this court is set aside, and the judgment of the trial court is affirmed.

Motion granted. Judgment affirmed.