### SOVEREIGN CAMP, W. O. W., v. RODRIGUEZ et al. (No. 6900.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 21, 1923. Rehearing Denied March 21, 1923.)

**1. Insurance ☞720—Provision requiring good health at delivery of certificate not avoided by failure to read warranty.**

A provision of a warranty in a certificate of fraternal benefit insurance that insured was in good health when the certificate was delivered to him cannot be avoided or rendered of no effect by a failure of the applicant to read the warranty when he signed it on delivery of the certificate.

**2. Insurance ☞755(2)—Provision agent cannot waive requirements is valid.**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4847, a fraternal benefit association can provide that no subordinate officer or member shall have the right to waive any of the provisions of the laws and constitution of the society, and such provision is binding on the society, the members thereof, and all beneficiaries of members.

**3. Insurance ☞720—Company held not estopped to assert forfeiture for illness when certificate was delivered; "estoppel."**

Since "estoppel" arises when by the fault of one party another has been induced ignorantly or innocently to change his position for the worse so that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy, a fraternal benefit association is not estopped to assert forfeiture of the certificate because insured was in poor health when it was delivered to him, where no one changed his position for the worse on account of the delivery.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Estoppel.]

**4. Insurance ☞755(2) — Estoppel cannot be based on acts of agent without authority to waive provisions.**

Estoppel of a fraternal benefit association cannot be based upon the acts of an officer or agent of a local body who was without authority under the laws of the association to waive the provisions of the policy with reference to which the estoppel was claimed.

Appeal from District Court, Gonzales County; C. K. Quin, Judge.

Action by Petra Rodriguez and others against Sovereign Camp, Woodmen of the World. Judgment for plaintiffs, and defendant appeals. Reversed, and judgment rendered for plaintiff for only the amount of premium paid.

E. D. Henry, John H. Bickett, Jr., and L. M. Bickett, all of San Antonio, for appellant.

J. C. Romberg and W. B. Green, both of Gonzales, for appellees.

FLY, C. J. This is a suit on a beneficiary certificate for $1,000 issued by appellant to Jose Rodriguez on March 13, 1921; appellees, Petra Rodriguez, Refugia Rodriguez, and Florencio Rodriguez being the beneficiaries named in said certificate. It was alleged that Jose Rodriguez died on March 19, 1921, and that Refugia was his widow, Florencio his son, and Petra his sister. The cause was heard without a jury and judgment rendered in favor of appellees for the sum of $1,000, one-third of which was ordered to be paid into the registry of the court as the share of the minor, Florencio Rodriguez.

The court filed his findings of fact from which it is gathered that the certificate of insurance was delivered to the deceased, Jose Rodriguez, by the clerk of the local camp; that the application for the certificate was made when deceased was in good health, but when the certificate was delivered to deceased he was in bed sick and remained on said sick bed until his death on March 19, 1921, six days after the certificate was delivered and the same signed by deceased. The judge found that deceased did not know the contents of the instrument and was ignorant of the provisions of the constitution and by-laws of the society. The application for insurance recited that no member was authorized to deliver the certificate unless the applicant was in good health. It was also provided in the certificate that the certificate should constitute the agreement between the parties, and that the society should not be bound unless certain conditions were complied with by the applicant, among the number being that there had been "manually delivered into his hands, in person, this beneficiary certificate, while in good health." Again it is provided:

"The liability of the sovereign camp for the payment of benefits on the death of the member shall not begin until after his application shall have been accepted by a sovereign physician. Been obligated or introduced by a camp or an authorized deputy in due form; had delivered to him, in person, this beneficiary certificate while in good health. The foregoing are hereby made a part of the consideration for, and are conditions precedent to, the liability for the payment of benefits in case of death. The

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

noncompliance with any of the several conditions precedent named herein shall be an absolute bar to any claim on the beneficiary fund of this society, under or by virtue of this certificate, or by reason of any steps taken by applicant to entitle him to the same, or by a subordinate camp or member thereof, and no deputy, officer or member of the sovereign camp or subordinate camp has any authority to change, alter, modify or waive the foregoing requirements or the consequences thereof in any manner."

It is further reiterated:

"No officer, employee, or agent of the sovereign camp, or of any camp, has the power, right or authority to waive any of the conditions upon which this beneficiary certificate is issued, or to change, vary or waive any of the provisions of the constitution and laws of the society, nor shall any custom on the part of any camp or any number of camps, with or without the knowledge of any sovereign officer, have the effect of so changing, modifying, waiving or foregoing such laws or requirements. This beneficiary certificate is issued only upon the conditions stated herein and subject to the constitution and laws of the society now in force or hereafter enacted."

The constitution and laws were made a part of the beneficiary contract.

The certificate contains a warranty, which was signed by Jose Rodriguez, as follows:

"I have read the above certificate No. S288348D of the Sovereign Camp of the Woodmen of the World and the conditions named therein, and hereby agree to and accept the same as a member of camp No. 3492, state of Texas, this 13th day of March, 1921, and warrant that I am in good health at this time, and have not been sick or injured since the date of my application and that all requirements of the constitution and laws of this society have been complied with."

It was proved that Jose Rodriguez did not read that warranty, but was supported in bed by Hernandez, the clerk of the local camp, while he signed the warranty, and the certificate was given to the sick man, and he took it and placed it under his pillow.

The only questions presented by the appeal are, did the local clerk have the power and authority to waive the warranty of good health when the certificate was delivered, and, is the appellant estopped from claiming exemption from liability by reason of the acts of the local clerk in giving the deceased the certificate and in accepting money from him?

[1] If the constitution and laws of the society have any force or effect, the clerk had no right or authority to waive any part of the application, certificate, constitution, and by-laws. The two last are made a part of the beneficiary contract by the law of Texas. Article 4834, Vernon's Sayles' Stats. It is not contended that deceased was not seriously sick when the certificate was delivered, but it is agreed that he was so seriously ill that he never arose from his bed, and six days after delivery of the certificate, died. If it was necessary in case of a fraternal benefit society to hold that a representation must be material in order to work a forfeiture, there could be no statement more material than one that the applicant was in good health at the time the certificate was delivered to him. That provision cannot be avoided or rendered of no effect by a failure of the applicant to read the warranty signed by him when the certificate was delivered to him. Insurance Co. v. Hazlewood, 75 Tex. 338, 12 S. W. 621, 7 L. R. A. 217, 16 Am. St. Rep. 893; Insurance Co v. Holcombe, 89 Tex. 404, 34 S. W. 915; Praetorians v. Holmig, 100 Tex. 623, 103 S. W. 476; Supreme Lodge v. Payne, 101 Tex. 449, 108 S. W. 1160, 15 L. R. A. (N. S.) 1277; Sov. Camp v. Lillard (Tex. Civ. App.) 174 S. W. 619.

[2] Under the terms of article 4847, appellant had the power and authority to provide that no subordinate body nor any of its subordinate officers or members shall have the right to waive any of the provisions of the laws and constitution of the society, and it makes such provision binding on the society and each and every member thereof and on all beneficiaries of members. Sovereign Camp v. Putnam (Tex. Civ. App.) 206 S. W. 970. No report of the action of the local clerk was made to appellant, and it is not claimed that it or its officers had any knowledge of the condition of the health of Jose Rodriguez when the certificate was delivered.

[3] Estoppel arises when, by the default of one party, another has been induced, ignorantly or innocently, to change his position for the worse in such manner that it would operate as a virtual fraud upon him to allow the party by whom he has been misled to assert the right in controversy. No one was caused to change his position for the worse by the act of delivering the certificate, and it did not operate as a fraud upon any one except appellant against whom estoppel is claimed.

[4] The appellant had the authority by law to curtail and circumscribe the right of the local clerk or local camp to waive the provisions of its constitution and by-laws. It exercised that authority and deceased was charged with knowledge of the provisions of the constitution and by-laws, which were made a part of his contract by law. The by-laws containing such inhibition against waivers by subordinate officers prevent the arising of estoppels by reason of such prohibited acts of subordinate bodies or officers. Sovereign Camp v. Wernette (Tex. Civ. App.) 216 S. W. 669. After copying the law giving benefit societies power to plan provisions against waivers by subordinate bodies and officers in their constitution and laws, this court held in the Wernette Case:

"There could, therefore, no question of waiver or estoppel arise under the facts of this case

on account of any acts or knowledge of Zizik since 1913."

Zizik was the clerk of the local camp, and the law embodied in article 4847 was passed in 1913. A writ of error was denied in the Wernette Case. See, also, Grayson v. Grand Temple (Tex. Civ. App.) 171 S. W. 489; Sovereign Camp v. Nash (Tex. Civ. App.) 220 S. W. 235; and Sovereign Camp v. Nigh (Tex. Civ. App.) 223 S. W. 291.

Appellant in its answer offered to return to appellees the amount of $3.48 paid to it by Jose Rodriguez, deceased. The judgment is reversed and judgment here rendered that appellees recover the sum of $3.48 from appellant and that appellees pay all costs in this behalf expended in both this and the lower court.

Reversed and rendered.

SMITH, J., entered his disqualification.

### On Motion for Rehearing.

FLY, C. J. There was not one of the elements of estoppel in this case, as is fully shown in our original opinion. Gilmore v. Grand Temple (Tex. Civ. App.) 222 S. W. 294. In the case of W. O. W. v. Hubbard, 248 S. W. 732, decided by this court, the certificate was not delivered to the insured, a woman, but was delivered to her husband, the beneficiary, while she was absent in Mexico, and the dues were accepted from him. This court held that there was evidence of a waiver of delivery to the wife in person, and that the certificate did not provide for a delivery to the insured in person. In this case it was entered in the certificate that it was to be delivered into the hands of the insured in person while he was in good health. The cases are very different. Calhoun v. Maccabees (Tex. Com. App.) 241 S. W. 103.

The motion is overruled.