## BRADY MUT. LIFE INS. ASS'N v. PFIESTER.

### No. 10168.

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Rehearing Granted Jan. 26, 1938.

Rehearing Overruled Feb. 16, 1938.

Howell Cobb and Sam McCollum, both of Brady, for appellant.

D. B. Hardeman and R. G. Hughes, both of San Angelo, for appellee.

MURRAY, Justice.

Appellee, Rostein Pfiester, instituted this suit in the county court of Sutton county against the Brady Mutual Life Insurance Association, seeking to recover the sum of $1,000, being the amount of a certain insurance policy issued by said insurance company upon the life of appellee's wife, Mrs. Lois Marie Pfiester.

To secure the issuance of this insurance policy Lois Marie Pfiester signed a written application in which it was stated, among other things, that she had never suffered from kidney trouble; that she had never undergone an operation; that she was not, at the time of the application, suffering from any ailment or mental defect not mentioned in said application; in response to the question as to who was her family physician a blank was left, and in response to the question as to who was the last doctor who attended her a "No" was written.

The application also contained the following: "If the insurance applied for herein in this application be issued, the insurance shall be issued absolutely and solely upon the facts as they appear upon the face of this application. The assured hereby binds himself, his assigns and heirs, absolutely for all the conditions expressed in the face of this application as shown by the printed and written questions and answers thereof; and expressly agrees that all said conditions as appear upon the face of said application shall be binding upon the assured whether the answers be written by the agent of the company or the assured himself. It is further expressly agreed that every condition contained in this application and the policy thereon issued shall bind the assured fully and completely and the assured expressly waives all questions of fraud or deceit in procuring his signature to this application. That the answers, es-

pecially those pertaining to the assured's health and age, as said answers appear on the face of this application as to the assured's health and age are true; and the falsity of same as appears on the face of this application will vitiate and annul the policy issued hereon."

The appellant insurance company, after the receipt of the application, issued its policy, on the 28th day of August, 1935, which is the basis of this suit. The policy contained, among other things, the following:

"The application of insured and in the event of reinstatement as hereinafter provided for, all applications for reinstatements, this certificate, the constitution and by-laws now in force or that may hereafter be adopted and all reasonable rules and regulations of the Executive Committee of the Board of Directors of this Association shall be and constitute the entire contract.

"This certificate shall not be modified or added to by any agent of the association and no agent may extend the time of payment of any assessment, or in the event of a lapse reinstate this certificate. No representation made by any agent of this association and not contained in this certificate shall be valid or bind the association in any way.

"That in the event of the death of the member to whom this certificate is issued, while his membership and his certificate is in full force and effect, this association shall be bound and obligated to pay upon receipt of due proof of the death of the insured herein, to Rostein Pfiester as beneficiary (whether one or more) if living, and entitled under the law and terms of this certificate to be beneficiary herein, otherwise to the estate of the member named herein at Brady, Texas, not to exceed, however, the aggregate sum of One Thousand Dollars."

The policy further provided that it should not be binding upon the association, unless and until the same had been accepted and signed by the member to whom it was issued. Mrs. Lois Marie Pfiester signed an acceptance of the policy in the following words: "I have read this certificate and I understand and accept same and I warrant and declare that all the facts set forth in my original application as well as in my last application for reinstatement, if any, are written and appear as made by me whether in my own hand-writing or not are true, and I have read the same and agree that if any facts set forth in said application are untrue this certificate shall not go into effect, but shall be void, and I shall be entitled to no refund of any kind, and I further understand that unless I am alive and in good health on the date of delivery of this policy, this certificate shall not go into effect but shall be void and I shall be entitled to no refund of any kind."

The answers contained in the application were not true, in that Mrs. Pfiester had suffered with kidney trouble and had theretofore had her left kidney removed, in October, 1932. The application did not give the name of the doctor who had last treated her and who had performed an operation upon her.

Appellee replies to appellant's contention that it should not be held under the policy because of the false answers contained in the application, by showing that Mrs. Pfiester made correct answers to Henry Hardin, the agent of appellant, but that the agent did not write down the answers as they were given.

The case was submitted to a jury on special issues, who made the following findings: That Lois Marie Pfiester answered in person the questions propounded by Henry Hardin, the agent of the insurance company; that the agent did not truly record the answers; that true answers were given to the agent; that Lois Marie Pfiester told the agent, at the time she signed the application, she had had a kidney removed by an operation performed in the year 1932; that the agent told Lois Marie Pfiester any operation which she may have had more than a year prior to the application was immaterial, and that such an operation would not prevent her from obtaining insurance from the company; that Mrs. Pfiester would not have purchased the insurance policy sued on herein but for the statement of the agent, Henry Hardin.

Accordingly, judgment was rendered in favor of appellee, and the Brady Mutual Life Insurance Association has appealed.

Appellant's proposition is that, where false statements and representations, which are warranted to be true, are written into the application for insurance by the agent, and the applicant knows, or has means of knowing, that such statements are contained in the application, and that they are not true, the insurance company is not pre-

cluded from avoiding the policy where it has been conditioned upon such false representations.

The evidence in this case shows that Mrs. Pfiester told the agent of her operation, but that the agent told her that, inasmuch as the operation had occurred more than a year before the making of the application, it was immaterial and she was an insurable risk. Mrs. Lois Marie Pfiester took the application, after the answers had been written by the agent, Henry Hardin, and had it in her possession for some ten or fifteen minutes before signing it. It does not appear that she was prevented from reading the application, but, on the contrary, was given an opportunity to read the same.

Appellant herein is a local mutual aid association, organized and existing under the provisions of article 4875a—1 to 4875a—31. Article 4875a—30 provides that local mutual aid associations are exempt from the operation of the general insurance statute found in chapter 3, of title 78, R.C.S. 1925, Vernon's Ann.Civ.St. arts. 4820–4859f. Therefore, cases involving ordinary insurance companies are of little aid in passing upon the proposition here presented.

It is clear in this case that the applicant made truthful answers to the questions set forth in the application, but untrue, or misleading, answers were written into the application by the soliciting agent of the local mutual aid association. It is further clear that the applicant either read over the application after the answers were written therein, or had ample opportunity to do so. No attempt was made to prevent her from reading the application. By the terms of the application, the policy and the written acceptance, the insured, Mrs. Lois Marie Pfiester, warranted the answers as written by the agent in the application to be true, and agreed that, if they were not true, as they appeared in the face of the application, the local aid association should not be bound by the insurance policy. Under such facts the aid association was not estopped from setting up the false answers contained in the application, even though such answers were written by the soliciting agent of the association. Texas State Mutual Fire Ins. Co. v. Richbourg, Tex.Com.App., 257 S.W. 1089; Texas Mutual Life Ins. Association v. Henderson, Tex.Civ.App., 33 S.W.2d 869; Hemphill County Home Protective Asso-

ciation v. Richardson, Tex.Civ.App., 264 S. W. 294; Sovereign Camp, W.O.W., v. Lilliard, Tex.Civ.App., 174 S.W. 619; Sovereign Camp, W. O. W., v. Rodriguez, Tex. Civ.App., 249 S.W. 266.

Accordingly, the opinion heretofore rendered in this cause will be withdrawn, the judgment heretofore entered set aside, appellant's motion for a rehearing granted, the judgment of the trial court reversed, and judgment here rendered that appellee recover nothing by reason of this suit.

Reversed and rendered.