### GONZALEZ et al. v. ALIANZA HISPANO-AMERICANA.

No. 10101.

Court of Civil Appeals of Texas. San Antonio.

Nov. 17, 1937.

Rehearing Denied Jan. 26, 1938.

G. Woodson Morris, of San Antonio, for appellant.

Raymond Edwards, of San Antonio, and Greg. Garcia, of Phoenix, Ariz., for appellees.

SMITH, Chief Justice.

This appeal is from a judgment denying recovery to Isabel V. Gonzalez in her suit against Alianza Hispano-Americana to re-cover the amount of an insurance policy issued by that company upon the life of Reynaldo Gonzalez, deceased. The insured was the son of Isabel V. ·Gonzalez, who was named as the beneficiary in said policy, with her daughter, Hortensia, as alterna-tive beneficiary. The parties will be re-ferred to as plaintiff and defendant, re-spectively, as in the court below.

Defendant is a fraternal benefit society, operating under the laws of the state of Arizona, with its home office at Tucson, in that state.

■ The cause was submitted to a jury, which found all submitted issues in favor of appellant, but the trial judge rendered judgment for the society, notwithstanding the verdict. The material facts of the case are obscured by a mass of immaterial matters, embraced in 250 pages of state-ment of facts and innumerable exhibits, as well as in lengthy briefs of the parties. No appellate court is required in such case to go into such a record and eke out the salient facts, or material testimony, but will confine its inquiry to the briefs of the parties and decide the case there-from.

■ The authorities do not seem to establish any rules governing, specifically, the presentation of appeals from judgments rendered in disregard of jury findings— judgments non obstante veredicto, which are authorized in article 2211, R.S.1925, as amended by the Acts of 1931, 42d Leg. p. 119, c. 77, § 1, Vernon's Ann.Civ.St. art. 2211. The statute provides that a trial judge may render such judgment "if a directed verdict would have been proper," and that the judge may "disregard any special jury finding that has no support in the evidence." The statute does not pur-port to take away or lessen the force of the usual presumption, existing in all other cases, in favor of the right action of a trial court, and we see no reason why such presumption should not prevail in cases of judgments rendered non obstante vere-dicto. Upon that theory, then, the judg-ment in this case is fortified by the usual presumptions in favor of the validity of judgments of trial courts, and this appeal must be determined from that standpoint. It is as if the appeal was from a judg-ment rendered upon a directed verdict.

■ The action of a trial court in di-recting a verdict does not of itself present fundamental· error whereby the appeling party is relieved of the duty of assign-

ing specific error showing that under no theory of the case-made was the court warranted, in directing a verdict. 3 Tex. Jur: p. 918; Cox v. Rio Grande Valley Tel. Co., Tex.Civ.App., 13 S.W.2d 918, and authorities cited.

By the same token, and because the very terms of the statute place a judgment non obstante veredicto in the same class as a directed verdict, the duty rests upon the party appealing to assign specific error negativing every theory presented by the pleadings and evidence, upon which the trial court could have rightly rendered such judgment. It will be presumed in this case that the trial judge was warranted in rendering judgment notwithstanding the verdict, unless by specific assignment of error it is made to affirmatively appear from the record that the judgment appealed from could not have been properly rendered for any reason; or, e converso, that for every reason judgment should have been rendered for plaintiff. Upon this premise we will now consider the appeal.

Plaintiff predicates her appeal upon only two assignments of error, as follows:

"The trial court committed a fundamental and a reversible error in granting Appellee's Motion for Judgment non obstante veredicto, because all the material issues submitted to the jury, (some being immaterial and evidentiary and submitted over Appellants' objections) and answered favorably to Appellants, are supported by legal and competent evidence entitling them to a judgment as prayed for in their pleadings.

"The trial court committed a fundamental and reversible error under the evidence developed upon the trial hereof, because under such evidence it was not authorized to instruct a verdict, at the close of all the evidence, for Appellee, but nevertheless, after submitting such case to the jury, it arbitrarily set aside the jury findings in favor of Appellants and made contrary findings of its own, and rendered a judgment for Appellee non obstante veredicto, and by so doing abused its judicial discretion."

It seems obvious that those assignments of error are not sufficient to invoke consideration in an appellate court. They are too general, in that they point out no specific error, but a general one, in effect, that the court erred in rendering judgment for defendant. They would simply relegate to this court the task of searching the entire record, embracing, among other things, 75 pages of pleadings and 250 pages of statement of facts, and hundreds of pages of printed exhibits, to ascertain if the trial judge was warranted in rendering that judgment. We decline to enter upon the proffered task. However, we will nevertheless take notice of plaintiff's propositions of law, purporting to be germane to and supported by the two assignments of error quoted above. There are five of those propositions, and in every event the appeal must be limited to a consideration of the specific points presented in them.

In her propositions 1, 2, and 3 plaintiff contends that, although it was proved that the insured was in arrears in the payment of premiums upon the policy sued on at the time of his death, yet defendant had waived prompt payment of such premiums by the custom of the society in accepting the insured's and other members' premiums after they were due under the by-laws of the society and the provisions of the certificate, and was now estopped to set up the insured's failure to pay the last three premiums promptly when due, as a defense to this suit upon the policy. It is deemed sufficient to say, here, that the pleadings and evidence warranted, and the jury found, that by the course alleged defendant had waived the right to cut off the insurance because of the insured's delinquency. We therefore sustain plaintiff's propositions 1, 2, and 3, but this ruling does not of itself require reversal, since that was but one of numerous defenses set up by defendant, either of which, if sustained, would have avoided the certificate of insurance, and authorized the judgment appealed from.

Plaintiff's fourth proposition is that: "Where the Trial Court, under the evidence before it, was not authorized to instruct a verdict for Appellee Fraternal Benefit Society, the Court, after submitting the case to the jury, could not set aside the verdict, make contrary findings of his own, and render judgment for Appellee thereon." We are of the opinion the proposition is not sufficient to invoke consideration in an appellate court. It is too general. It points out no specific error, but a general one, in effect, that the judgment appealed from is erroneous. So far as the proposition points out to the contrary, there may be a half dozen reasons why the judgment should be affirm-

ed notwithstanding the findings of the jury upon the issue of waiver of prompt payment of premiums, set up by plaintiff in .ier propositions 1, 2, and 3. In her statement under her proposition 4, now under consideration, plaintiff simply adopts the statement under her propositions 1, 2, and 3, relating to delayed premium payment, and naively suggests, in lieu of a statement under her fourth proposition, that: "The record in this case is so voluminous, consisting of over 250 pages in the narrative form Statement of Facts, together with close to 100 exhibits of various lengths, that it would be almost impossible to make an intelligent statement hereunder, without adding at least 25 pages to this brief, which would be somewhat impractical. All we can say here is that as far as we have been able to determine from reading the record over several times, is that each and every material issue submitted to the jury, (some being immaterial and evidentiary) which was essential to give Appellants a judgment (each having been answered favorably to Appellants), is supported by the pleadings, and by more than ample, legal and competent evidence. Assuming this to be correct, the Court would not have been authorized in instructing a verdict for Appellee in this case, and after submitting the case to the jury, he could not set aside the jury verdict, make contrary findings of fact of his own, and give Appellee a judgment non obstante veredicto." By the very same token by which plaintiff evades the arduous and tedious labor of presenting the facts upon which she relies for reversal, this court declines to undertake that task. The proposition, and certainly the statement thereunder, are insufficient to present anything for review on appeal, and will not be considered here.

In her fifth and last proposition plaintiff seeks to sustain a jury finding that the insured was in "sound health" at the time of the issuance of the policy sued on. We think the record sustains the finding, and if that were the only question in the case, the judgment rendered notwithstanding that finding would have to be reversed. But the plea of unsound health at the time of issuance of the policy was but one of several defenses set up by defendant, either of which, if sustained, supported the judgment in defendant's favor, and in the absence of assignment of error to the contrary, it will be presumed in favor of the right action of the trial court, that one or more of such defenses were sustained, as a matter of law. For example, the finding of apparent sound health, at the time the policy was issued, did not meet the plea of defendant that the policy was procured by the insured through false representations and warranties in the application concerning his prior physical history and the treatments and operations therefor. If those representations and warranties were made, as they were, and were false, as, also, they were, and the policy was issued by defendant in reliance upon the truth of those representations, as it assuredly was, then the policy so procured was thereby voided, notwithstanding the apparent sound health of the insured at the time the policy was issued. An insurer is entitled to have a true history of an applicant's prior condition of health, and the treatments and operations incident thereto, as well as his present condition, in order to intelligently and prudently determine the question of risk. In this right lies the insurer's ability to procure normally safe risks, and exclude extra hazardous, even fraudulent, risks, not only for its own benefit, but for that of the insuring public, as well.

The judgment is affirmed.

### On Motion for Rehearing.

Appellants' motion for rehearing will be overruled upon the opinion in Brady Mutual Life Insurance Association v. Rostein Pfiester, this day decided by this Court upon rehearing, 113 S.W.2d 268, and the cases therein cited, to wit, Texas State Mutual Fire Ins. Co. v. Richbourg, Tex.Com.App., 257 S.W. 1089; Texas Mutual Life Ins. Association v. Henderson, Tex.Civ.App., 33 S.W.2d 869; Hemphill County Home Protective Association v. Richardson, Tex.Civ. App., 264 S.W. 294; Sovereign Camp, W. O. W., v. Lillard, Tex.Civ.App., 174 S.W. 619; Sovereign Camp, W. O. W., v. Rodriguez, Tex.Civ.App., 249 S.W. 266.