## SOVEREIGN CAMP, W. O. W., v. RODRIGUEZ.

### No. 10441.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 21, 1939.

Rehearing Denied March 15, 1939.

Brown & Bader, of Edinburg, for appellant.

Kelley, Looney & Norvell and L. C. McLean, all of Edinburg, for appellee.

MURRAY, Justice.

Eustolia G. Rodriguez instituted this suit against The Sovereign Camp of the Woodmen of the World, a fraternal benefit society operating under the provisions of Chapter 8, Title 78, R.C.S.1925, Vernon's Ann.Civ.St. art. 4820 et seq., seeking to recover upon a life insurance policy issued upon the life of her husband, Eusebio Rodriguez, for the sum of $1,000, and dated June 2, 1934.

The trial was to a jury and upon favorable answers a judgment, for the face value of the policy, together with a penalty and attorney's fees, in the sum of $1,370, was rendered in favor of appellee and against appellant. From this judgment the Society has prosecuted this appeal.

In order to obtain the fraternal benefit certificate of insurance, Eusebio Rodriguez was required to sign an application containing many questions. With reference to the personal history of the applicant, question No. 8, reads as follows: "Have you ever been under observation, care or treatment in any hospital, sanatorium, asylum or similar institution?" To which applicant answered: "No."

Appellee, Eustolia G. Rodriguez, testified in effect that either in the latter part of 1928, or the early part of 1929, her husband, Eusebio Rodriguez, was suffering with pains in his stomach and went to the offices of Dr. Bomar and Dr. Giddings for the purpose of finding out what his trouble was and for treatment. Drs. Bomar and Giddings had their offices in the hospital at New Gulf. Dr. Bomar thought he had gas on his stomach and Dr. Giddings thought that he had malaria. It was decided that an X-ray picture should be made. It was necessary for Eusebio Rodriguez to stay all night in the hospital so that he might be prepared for the taking of the picture. The next morning the X-ray picture was taken in the hospital and Eusebio left. Eusebio did not lose any time from work. The doctors decided from the picture that there was nothing very seriously wrong with Eusebio, that he only had gas on his stomach and gave him something to relieve him from this trouble.

Appellant contends that in view of this testimony, given by appellee, who was the plaintiff below and the beneficiary in the insurance certificate, it was conclusively established that the insured's answer to question No. 8 was not true. We sustain this contention. Admissions against interest made by a party to the suit are more than mere evidence, they are to be accepted as the truth. Jones on Evidence, 3rd Ed., p. 356, § 236. This positive testimony, given against interest, standing unexplained and uncontradicted, must be accepted as conclusive evidence that Eusebio Rodriguez had been under observation in a hospital and therefore his answer to question No. 8 was not true.

The rule is well settled that statements made in an application for insurance in a fraternal benefit society are expressly made warranties, not to be treated as mere representations; they must be literally true, otherwise the insurance certificate is void and of no effect. In Modern Woodmen of America v. Owens, 60 Tex.Civ.App. 398, 130 S.W. 858, the rule is correctly stated, as follows:

"Where answers in an application were expressly made a part of a benefit certificate and were expressly made warranties, the question of good faith in making the answers, if they were false, is immaterial, since express warranties must be literally complied with.

"Acts 1903, c. 69 (Rev.St.1895, art. 3096-aa), providing that misrepresentations shall not be a defense to an action on an insurance policy unless they are material to the risk, or actually contributed to the contingency or event on which the policy became due, does not apply to fraternal beneficiary societies." Gonzalez v. Alianza Hispano-Americana, Tex.Civ.App., 112 S.W.2d 802; Supreme Forest, Woodmen

Circle v. Hare, Tex.Civ.App., 105 S.W.2d 414; Hemphill County Home Protective Ass'n et al. v. Richardson, Tex.Civ.App., 264 S.W. 294; Sovereign Camp, W. O. W. v. Treanor, Tex.Civ.App., 217 S.W. 204; Sovereign Camp, W. O. W. v. Harmon, Tex.Civ.App., 246 S.W. 704.

Appellee contends that remaining in a hospital for one night and the taking of an X-ray picture does not constitute observation in a hospital. We cannot agree with this contention. It occurs to us that one of the most effective ways to observe a patient in a hospital is by means of X-ray pictures.

The rule herein stated may seem to be a harsh one, but it is nevertheless the uniform rule governing such cases and it becomes our duty to apply it in this case.

The judgment will be reversed and judgment here rendered that appellee take nothing.

SMITH, C. J., entered his disqualification, not sitting.