## UNIVERSAL LIFE & ACCIDENT INSURANCE COMPANY, Appellant,

v.

### Edith MAYSE, Appellee.

#### No. 6561.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 16, 1956.

Rehearing Denied Feb. 20, 1956.

Storey, Armstrong & Steger and Charles W. Hall, Dallas, for appellant.

C. L. Harris and McWhorter, Cobb & Johnson, Lubbock, for appellee.

NORTHCUTT, Justice.

On August 15, 1951, appellant issued to one Raymond E. Mayse, as insured, its life insurance policy payable to appellee, Edith Mayse, as beneficiary. On January 4, 1953, Raymond E. Mayse died and appellee presented her claim for the amount of the policy. Appellant denied liability and brought this suit to cancel the policy in question and tendered to appellee the premiums paid but appellee refused to accept the return of the premiums and sued to recover the face value of the policy together with 12% damages and attorneys fees. The appellant sought to cancel the policy mainly upon the contention that Raymond E. Mayse was of unsound health at the time of the issuance of the policy and because of the fraudulent misrepresentations made by Mayse in his application for the policy as covered by the physician's report. The case was submitted to a jury upon 19 special issues. The issues and the answers thereto by the jury being as follows:

"Special Issue No. 1

"Do you find from a preponderance of the evidence that Raymond E. Mayse was not in good health on the date the policy in question was delivered.

"Answer 'He was not in good health,' or 'He was in good health.'

"Answer: *He was in Good Health.*

"Special Issue No. 2

"Do you find from a preponderance of the evidence that Raymond E. Mayse represented to Universal Life and Accident Insurance Company that he had not consulted a physician in the five years preceding the application for insurance in question?

"Answer 'He did so represent,' 'He did not so represents.'

"Answer: *He did so represent.*

"If you have answered Special Issue No. 2 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 3

"Do you find from a preponderance of the evidence that such representation, if any, was false?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 2 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 4

"Do you find from a preponderance of the evidence that such representation, if any, was material to the risk, as defined herein?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 2 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 5

"Do you find from a preponderance of the evidence that such representation, if any, was made wilfully by Raymond E. Mayse for the purpose of inducing the plaintiff, Universal Life and Accident Insurance Company, to issue the policy of insurance in question?

"Answer 'Yes,' or 'No.'

"Answer: No.

"If you have answered Special Issue No. 2 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 6

"Do you find from a preponderance of the evidence that Universal Life and Accident Insurance Company relied on such representation, if any, in determining whether to issue the policy of insurance in question?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"Special Issue No. 7

"Do you find from a preponderance of the evidence that Raymond E. Mayse represented to Universal Life and Accident Insurance Company that he had never been under observation, care or treatment in any hospital, sanitarium, asylum, or similar institution?

"Answer 'He did so represent,' or 'He did not so represent.'

"Answer: He did so represent.

"If you have answered Special Issue No. 7 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 8

"Do you find from a preponderance of the evidence that such representation, if any, was false?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 7 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 9

"Do you find from a preponderance of the evidence that such representation, if any, was material to the risk, as defined herein?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 7 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 10

"Do you find from a preponderance of the evidence that such representation, if any, was made wilfully by Raymond E. Mayse for the purpose of inducing the plaintiff, Universal Life and Accident Insurance Company, to issue the policy of insurance in question?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue 7 'He did so represent,' and only such event, then answer the following Special Issue.

"Special Issue No. 11

"Do you find from a preponderance of the evidence that Universal Life Insurance Company relied on such representation, if any, in determining whether to issue the policy of insurance in question?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"Special Issue No. 12

"Do you find from a preponderance of the evidence that Raymond E. Mayse represented to Dr. C. B. Batson, the agent and examining physician for Universal Life and Accident Insurance Company, on August 6, 1951, that he was in good health so far as he knew and believed?

"Answer 'He did so represent,' or 'He did not so represent.'

"Answer: He did so represent.

"If you have answered Special Issue No. 12 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 13

"Do you find from a preponderance of the evidence that such representation, if any, was false?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 12 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 14

"Do you find from a preponderance of the evidence that such representation, if any, was material to the risk, as defined herein?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"If you have answered Special Issue No. 12 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 15

"Do you find from a preponderance of the evidence that such representa-

tion, if any, was made wilfully by Raymond E. Mayse for the purpose of inducing the plaintiff, Universal Life and Accident Insurance Company, to issue the policy of insurance in question?

"Answer 'Yes,' or 'No.'

"Answer: No.

"If you have answered Special Issue No. 12 'He did so represent,' and only in such event, then answer the following Special Issue.

"Special Issue No. 16

"Do you find from a preponderance of the evidence that Universal Life and Accident Insurance Company relied on such representation, if any, in determining whether to issue the policy of insurance in question?

"Answer 'Yes,' or 'No.'

"Answer: Yes.

"Special Issue No. 17

"Do you find from a preponderance of the evidence that Raymond E. Mayse had Buergers Disease at the time he made application for the insurance policy in question?

"Answer 'Yes,' or 'No.'

"Answer: No.

"If you have answered the above Special Issue 'Yes,' and only in such event, then answer the following Special Issue.

"Special Issue No. 18

"Do you find from a preponderance of the evidence that the fact that Raymond E. Mayse had Buergers Disease, if he did so have, was material to the risk as that term is herein defined?

"Answer 'Yes,' or 'No.'

"Answer: ————.

"Special Issue No. 19

"Do you find from a preponderance of the evidence that Universal Life and Accident Insurance Company issued the policy in Question relying solely upon the medical examination conducted by Dr. C. B. Batson?

"Answer 'Yes,' or 'No.'

"Answer: Yes."

Both parties made a motion for judgment upon the verdict of the jury. Appellant's motion was denied and judgment was granted for the appellee for $10,000, face value of the policy, and $3,000 as reasonable attorney's fees. There is no question as to attorney's fees since it was stipulated that in case the appellee was entitled to recover that $3,000 would be a reasonable fee. The trial court in granting its judgment found that Special Issue Nos. 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 16 were immaterial and should be disregarded and further found that the jury's answers to Special Issue Nos. 1, 17 and 19 were the ultimate and controlling issues and granted the judgment upon that holding. Appellant made its motion for a new trial and the same was overruled and from this order appellant perfected its appeal.

Although appellant presents this appeal upon eleven assignments of error, we think the case may be best considered as a whole. On July 26, 1941, R. E. Mayse made application to appellant for the issuance of a life insurance policy. On that same day, July 26, 1951, R. E. Mayse went to see Dr. Key, his regular physician, complaining of some numbness and pain in his left arm and Dr. Key examined him and informed Mr. Mayse that it probably was a part of his Buergers Disease. We are unable to determine from this record whether Mr. Mayse went first to see Dr. Key or made the application for the issuance of the insurance policy first but be that as it may, on August 6, 1951, when Mayse went to a physician to take his physical examination although he had the privilege of going to any physician he cared to, he did not go to Dr. Key, his regular

doctor that he had been going to for several years and that had been treating him and knew of his true condition but went to one that did not know of his physical condition. We do not believe that there was sufficient evidence to sustain the jury's findings as to Special Issue Nos. 1 and 17 but it is not necessary for us to pass upon those issues. The insurance company had the right to have the true facts asked about in determining whether or not it would issue the policy to Mr. Mayse. The answer of the jury to Special Issue Nos. 12 and 13 are in direct conflict with the answers given in reply to Special Issue No. 1 where the jury found that Mr. Mayse was in good health on the date the policy was delivered. In answering Special Issue Nos. 12 and 13, the jury found that Mayse represented to Dr. Batson on August 6, 1951 that he was in good health so far as he knew and believed but that such representations were false. This is the same as finding Mayse knew he was not in good health. The jury found further that such representation was material to the risk but such representations were not made wilfully by Mayse for the purpose of inducing appellant to issue the policy of insurance in question.

As to the answers given by the jury to Special Issue No. 19 that the appellant issued the policy in question relying solely upon the medical examination conducted by Dr. C. B. Batson, it could have no bearing upon this case because the undisputed record in the case shows that the answers given by Mr. Mayse to Dr. Batson were false and known by Mr. Mayse to have been false at the time he gave them. Even though it could be said that the appellant did rely solely upon the medical examination conducted by Dr. C. B. Batson since the information furnished by Mr. Mayse to Dr. Batson was false, the issuance of such policy upon such representations would be the issuance of a policy not in reliance upon what Dr. Batson had said but upon the false representations made by Mr. Mayse to Dr. Batson. It might also be considered that the reason Mr. Mayse did not go to his regular doctor was because he did not want the appellant to know

his true condition. In giving his answers to Dr. Batson on the medical report, Mr. Mayse stated he had never been under observation, care or treatment in any hospital, sanitarium, asylum or similar institution; that no special studies such as X-ray or laboratory blood examinations, etc. had ever been made and that he had never consulted a physician in the last five years.

In the state of this record from all the testimony, we are unable to find any testimony or from any acts of the parties to justify the finding of the jury that Mr. Mayse did not make such representations wilfully for the purpose of inducing the appellant to issue the policy of insurance in question.

But disregarding all of the above matters, we think the answers given by the jury to Special Issue Nos. 7, 8, 9, 10 and 11 would be sufficient to sustain the defense of appellant. In reply to these issues, the jury found upon abundant testimony that Mr. Mayse represented to appellant that he had never been under observation, care or treatment in any hospital, sanitarium, asylum or similar institution; that such representation was false; that such was material to the risk; that such representation was made willfully by Raymond E. Mayse for the purpose of inducing the appellant to issue the policy of insurance in question and that appellant relied upon such representation in determining whether to issue the policy of insurance in question.

We are of the opinion and so hold and, as found by the jury, that appellant has pleaded and proven that the insured's answers made in the physician's report were false and that the insured knew their falsity and made them willfully and with intention of inducing insurer, appellant herein, to issue the policy in question and that the appellant relied and acted upon such representations, and all that appellant was required to do, and tendered to do, was to return to the appellee the premiums paid by Raymond E. Mayse. Clark v. National Life & Accident Ins. Co., 145 Tex. 575,

200 S.W.2d 820 by the Supreme Court. See also the case of Gonzalez v. Alianza Hispano-Americana, Tex.Civ.App., 112 S.W.2d 802, 805, writ dismissed, where it is stated:

"In her fifth and last proposition plaintiff seeks to sustain a jury finding that the insured was in 'sound health' at the time of the issuance of the policy sued on. We think the record sustains the finding, and if that were the only question in the case, the judgment rendered notwithstanding that finding would have to be reversed. But the plea of unsound health at the time of issuance of the policy was but one of several defenses set up by defendant, either of which, if sustained, supported the judgment in defendant's favor, and in the absence of assignment of error to the contrary, it will be presumed in favor of the right action of the trial court, that one or more of such defenses were sustained, as a matter of law. For example, the finding of apparent sound health, at the time the policy was issued, did not meet the plea of defendant that the policy was procured by the insured through false representations and warranties in the application concerning his prior physical history and the treatments and operations therefor. If those representations and warranties were made, as they were, and were false, as, also, they were, and the policy was issued by defendant in reliance upon the truth of those representations, as it assuredly was, then the policy so procured was thereby voided, notwithstanding the apparent sound health of the insured at the time the policy was issued. An insurer is entitled to have a true history of an applicant's prior condition of health, and the treatments and operations incident thereto, as well as his present condition, in order to intelligently and prudently determine the question of risk. In this right lies the insurer's ability to procure normally safe risks, and exclude extra hazard-

ous, even fraudulent, risks, not only for its own benefit, but for that of the insuring public, as well."

Appellant's points of error 1, 2 and 3 complaining of the trial court's action in failing to grant judgment for the appellant in accordance with the finding of the jury in answer to Special Issue Nos. 7 through 11 are hereby sustained and since so holding and believing the case should be reversed and rendered, we do not pass upon appellant's other assignments of error. Judgment of the trial court reversed and judgment rendered that the appellee recover nothing by her suit herein other than to recover the amount of premiums paid by Raymond E. Mayse and that the policy of insurance here in issue be and the same is cancelled and held of no further force and effect.

Judgment of the trial court reversed and rendered and appellant ordered to return the amount of premiums paid to it by Raymond E. Mayse.